160 So. 119

### HEMBY v. STATE.

4 Div. 66.

Court of Appeals of Alabama.
Nov. 27, 1934.

Rehearing Denied Dec. 18, 1934.

E. C. Boswell, of Geneva, for appellant.

274

Thos. E. Knight, Jr., of Montgomery, for the State.

BRICKEN, Presiding Judge.

The indictment in this case contained one count which charged this appellant with the offense of violating the prohibition law by having whisky in his possession. The evidence upon the trial was in conflict and therefore presented a jury question. The jury returned a verdict of "guilty as charged in the indictment" and assessed a fine of $50. The defendant having failed to pay the fine and costs, or to secure same, the court sentenced him to hard labor for the county designating the required time at hard labor to pay the fine and cost, and added four months' hard labor thereto. The judgment of conviction appears regular in all respects. This appeal is taken therefrom.

But one question is presented for our consideration and this relates to a certain ruling of the court upon the admission of the evidence.

The defendant elected to and testified in his own behalf, and denied that he had the whisky in his possession as had been testified to by state witness Hall. On his direct examination he also testified: "He arrested my father. I don't know whether he called it arresting me or not. I had done got in the car. He didn't say a word about arresting me when I came back there. We went on to the calaboose from there. He took me off and talked to me after locking my father up. He didn't say anything about locking me up. He was talking about a fire that was up there, wanted me to tell what I knew about it. I told them I didn't know anything about it, then after I didn't give them any information they carried me back to the lock-up. He didn't have a statement prepared and wanted me to sign it. That was the first time he said anything about locking me up, after I had talked about this other case. He carried me back to the jail and told me I could help him, and if I would help him he would help me, that was after we first talked. I told him I didn't know anything, if I knew anything I would help him. When me, Mr. Hall and Mr. West was up there talking Mr. Hall made a statement to me with reference to my having been accused of burning that house. On that occasion Mr. Hall told me that he had information or had heard that I knew something about the burning of the house, and that if I would make an affidavit that John Martin hired me to burn the house, I would not have to serve any time for burning it, and he would not make a case against me, or would get the case I already had in County Court nol prossed." Whereupon, on cross-examination the solicitor asked him, "What kind of case was that in the county court?" Defendant objected and reserved exception to the court's action in overruling his objection. The witness answered, "A prohibition case." In this connection appellant insists, "It is not permissible to prove or admit circumstances going to show that the defendant committed another offense, or other offenses of similar character to that charged, except when necessary to show scienter or intent, establish identity, complete the res gestæ, show motive, or make out a chain of circumstantial evidence of guilt in respect to the act charged." This insistence is correct, and the numerous authorities cited sustain the insistence. However, in the instant case there is a marked distinction to the case of Hill v. Prattville, 13 Ala. App. 643, 69 So. 227, quoted from [in appellant's brief]. Here, the defendant injected into the trial of this case, of his own motion, a certain designated conversation between the state witness Hall and himself, and under the simplest rules of evidence it was proper for the court to permit the solicitor, representing the state, to cross-examine the witness upon matters testified to by him. There was no attempt upon the part of the state to show as an independent proposition that the defendant had committed other offenses of like character, or that other cases were pending against him in other courts. No error appears in this ruling by the court, and, as this is the only point of decision presented, the judgment of conviction from which this appeal is taken is affirmed.

Affirmed.