Ronald W. Morgan was found guilty of burglary in the third degree and sentenced to imprisonment for 20 years and 1 day.
Appellant, a former employee, knew where the money was hidden at Audie's Lounge when it could not be deposited on the weekend. The manager testified that appellant left with six or seven others when he closed up the joint. An uneasy feeling that night told him not to put the money where he usually put it. Leaving Audie's after locking up, the manager again saw the appellant at a convenience store. The manager, still feeling uneasy, went back to Audie's and searched through the place because he feared someone might have concealed himself in the lounge when he closed up. He found no one.
Later that same morning (at 3:46 a.m.), someone from the business next door called the police, saying they saw a car drive up by the side of Audie's and shortly thereafter saw a light inside. As the police arrived they saw a man leave the building but when one of the officers identified himself, the man went back inside. They arranged for the police dispatcher to call Audie's and talk the person into coming out. It was the *Page 1241 
appellant who said he had fallen asleep and had been there all night. They saw that a piece of plywood which had been attached over a window had been removed. It was testified that the particular area where the money was usually hidden, if left in the establishment overnight, appeared to have been ransacked. Everyone testified that appellant had no permission to be in Audie's after closing.
 I
Appellant first contends that the trial court erred in denying his motion for mistrial based on questions asked by the prosecution during cross-examination; these questions explored the circumstances under which appellant pleaded guilty to several prior offenses.
After a careful consideration of the relevant portions of the record, we find no merit in this issue. On direct examination, appellant was asked about his prior criminal record. He admitted pleading guilty to forgery, possession of a sawed-off shotgun and grand larceny. Then the transcript reveals the following exchange between appellant and his counsel:
"Q: You say you plead guilty all three times?
"A: Yes, sir.
 "Q: Ronald, would you have plead guilty on this had you done it?
 "A: If I had done it, the way the situation turned out, yes, sir."
Appellant was obviously trying to show that since he had pleaded guilty to crimes in the past, he must not be guilty of the instant crime to which he chose to plead "not guilty."
In its cross-examination of the appellant, the state properly rebutted evidence of his apparent honesty by establishing two points: First, it was shown that the Habitual Felony Offender Act was not in effect at the time appellant pleaded guilty to the earlier offenses and, second, it was shown that appellant's previous larceny charge had been reduced from a robbery charge.
We must agree with the state's conclusion that "there was no error in allowing the prosecutor to imply that the defendant had reasons less virtuous but more practical than his basic integrity for pleading not guilty to the instant indictment." See, Terry v. State, 424 So.2d 710 (Ala.Cr.App. 1982).
It is axiomatic that an accused is not allowed to prove good character by showing specific evidences of meritorious conduct. C. Gamble, McElroy's Alabama Evidence, § 69.01 (9) (3d ed. 1977).
By implying that appellant habitually confessed to those crimes for which he was responsible, appellant opened the door wide for the state to show appellant's seemingly virtuous confessional tendency was in fact motivated by ulterior, self-serving reasons.
As articulated by this court in Wyrick v. State,409 So.2d 969 (Ala.Cr.App. 1981), the doctrine of curative admissibility provides that:
 "If illegal evidence is introduced by one party and admitted, then the opponent has the right to introduce illegal evidence in rebuttal, even though the opponent failed to object to the initial introduction of illegal evidence."
Thus, appellant cannot now be heard to complain about exploration of the issue of his character which he himself improperly injected into the trial.
 II
The appellant contends the state failed to make out a prima facie case. The evidence is overwhelming to the conclusion that the appellant re-entered the premises after it was locked for the night. The fact of the vicinity of the hiding place for the day's receipts being ransacked was evidence to be considered by the jury on the issue of intent to steal. We think there was "a gracious plenty" of evidence for the jury to convict.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.
 *Page 1