On Rehearing
TYSON, Judge.
On November 29, 1983, this court unanimously affirmed this case without opinion. 443 So.2d 67.
Because counsel has filed a request for statement pursuant to Rule 39(k) and Rule 40, A.R.A.P., this court sets forth the following as its opinion.
On the afternoon of March 3, 1982, Birmingham Police Officer Wayne Ellis stated that he had been working undercover in the Montgomery-Autauga County area, helping to make purchases in drug cases. Officer Ellis was on loan to the Prattville Police Department when he went to the home of the appellant, just off Highway 14, near Prattville. There he purchased approximately one-quarter pound of marijuana and paid the appellant $125.00. Ellis made a positive in-court identification of appellant, gave his physical description, hair style and mustache, and stated that shortly after leaving appellant’s home he met Officer R.C. Martin and turned over the marijuana to him.
Officer Martin corroborated this testimony and stated that he had remained in the area and showed Officer Ellis where appellant’s home was and had shown Officer Ellis a photograph of appellant prior to his making the purchase in question.
Officer Martin then stated that he turned over the marijuana to the toxicologist’s office, where Allen Adair examined same, and testified that such was, in fact, marijuana.
A motion to exclude the State’s evidence was overruled.
On cross-examination of Officer Ellis, appellant’s counsel brought out the fact that Officer Ellis had been to appellant’s home on two occasions, and on the second occasion, made a second purchase of marijuana.
The appellant’s defense was that of alibi; namely, that he was living at the home of his current wife who was at the time his girlfriend on the date of the sale, March 3, 1982. He then presented the testimony of *983 two brothers, a cousin and a neighbor, all of whom corroborated his story that he had a brother who looked just like him and it was his brother who was at home on that date, and if any sale was made, that the brother made it. The appellant did admit on cross-examination that he owned a green Lincoln automobile matching the description given by Officer Ellis during his testimony on direct for the State.
There was no exception to the oral charge of the court.
I
Appellant’s counsel raises four points on appeal. The first deals with the cross-examination of the defendant with reference to certain facts relating to a subsequent sale of marijuana to undercover agent Wayne Ellis. This matter had been opened up, however, by Mr. Drinkard on cross-examination in the State’s case in chief, attempting to establish that the in-court identification was faulty as being based on only observing appellant once when Officer Ellis testified he observed appellant on three occasions and had seen a photograph. The trial court’s ruling was here correct as showing the entire transaction, part of which was brought out by the appellant. Hemby v. State, 26 Ala.App. 273, 160 So. 119, cert. denied, 231 Ala. 7, 160 So. 120 (1934).
II
The appellant secondly argues that his motion for new trial was improperly denied because Officer Ellis’ testimony was “perjured”. This, too, is a misreading of Officer Ellis’ testimony and the trial court found that appellant’s counsel had opened the door in his cross-examination of Ellis, thus there was no perjury and the officer was simply pointing out that he had been to the home on another occasion and made a second buy. Thus, counsel should not be allowed to take advantage of a situation which he created in his own cross-examination. See Murrell v. State, 377 So.2d 1102 (Ala.Cr.App.), cert. denied, 377 So.2d 1108 (Ala.1979).
III
The appellant next argues that the trial court committed reversible error by allowing unfair and prejudicial comment by the District Attorney in closing argument. The trial record reflects no comment by either the District Attorney or his assistant which was not based upon some testimony which was given during either the State’s or Defendant’s case. The appellant’s own grandmother did, in fact, state: (R. 51)
“Q. Do you know where your grandson works?
“A. Well, I don’t know. He’s been out of a job. He had a bad hand.
“Q. All right. Do you know where he works — where he worked on March the 3rd, 1982 — where he was working, if you know?
“A. Well, I wouldn’t know. He picked up little jobs, but he didn’t have a standard job.”
This statement, along with testimony from Officer Wayne Ellis that he had made two buys from Jimmy Ford at times when Ford claimed to be at work, and that he saw Ford in his car also at a time when he claimed to be at work, supported an inference during the State’s closing argument that, “the only regular job he had was dealing in dope.” Ford himself testified that his brother was in jail for possession of marijuana, that he had a prior felony conviction for possession of marijuana, that he was arrested at his mother’s house when the police executed a search warrant there and marijuana was supposedly found, and Officer Ellis stated he purchased marijuana from Ford on two different occasions. Obviously, no error occurred from the State’s closing remarks because the basis for such an inference came mainly from the appellant’s own witnesses. Chambers v. State, 382 So.2d 632 (Ala.Cr.App.), writ denied, 382 So.2d 636 (Ala.1980).
IV
Appellant finally asserts as error that the trial court should not have allowed the jury to see the indictment when they *984 requested it during their deliberations. This indictment contained no matter which was not already known to the jury. The trial judge had indicated that such was merely the State’s means of setting forth its charge against the appellant. No error is shown. Thomas v. State, 399 So.2d 915 (Ala.Cr.App.1981).
We have carefully examined this record and find no error. This judgment is due to be and the same is hereby affirmed.
APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
All the Judges concur.