Bobby T. Pace was convicted in Montgomery Municipal Court on the charge of driving under the influence and appealed this conviction to the Montgomery Circuit Court. The trial jury found the appellant guilty and the Circuit Court sentenced him to a 60 day jail sentence, suspended for one year, and fined him $300.00.
At approximately 10:30 p.m. on November 13, 1982, George Robinson was driving north on Eastern Boulevard, Montgomery, Alabama, when his vehicle was struck from the rear by a vehicle driven by this appellant. Officer Michael Patterson, an accident investigator for the Montgomery Police Department, was immediately at the scene. Upon his arrival at the scene, he saw the appellant back his vehicle into a ditch. The appellant then got out of his vehicle and fell upon the ground. Once he got up, Patterson assisted him out of the ditch.
As Patterson began to ask the appellant questions, he noticed the odor of alcohol on his breath. The appellant's speech was slurred and he had trouble standing unassisted. The appellant was cursing and his attitude was combative.
Patterson noticed the windshield of the appellant's vehicle was cracked so he asked the appellant if he was injured. The appellant replied that his lip was cut and Patterson noticed a bump on his head.
It was Patterson's opinion that the appellant was intoxicated, so he placed the appellant under arrest for driving under the influence, handcuffed him and put him in the patrol car. After Patterson finished investigating the accident, Patterson took him to the police department. At the station, the appellant failed the usual field *Page 183 
tests, i.e., walk a line, touch his nose, etc., and was also offered the opportunity to take the GCI test, which he refused.
The evidence for the defense showed that the appellant went to T.P. Crockmier's Restaurant around 8:00 p.m. that night. He drank two beers on ice, and then left around 10:30 p.m. The bartender who served the appellant stated the appellant did not appear to be intoxicated when he left. The appellant stated he had not had anything else to drink other than those two beers since 2:00 that same afternoon.
The appellant stated that upon leaving Crockmier's, he turned north onto the Eastern Boulevard. As he was driving, he dropped a lighted cigarette on the floorboard. As he was reaching down to pick it up, his vehicle ran into Robinson's vehicle. The appellant testified he doesn't remember a lot of what happened after this point. The appellant stated he remembered sitting in his vehicle with his mouth bleeding, and someone asking him if he was injured. He remembers sitting in the patrol car and being in the jail. However, he doesn't remember refusing the GCI test.
John Thomas, a friend of the appellant's, picked him up at the jail around 1:00 a.m. on November 14, 1982. Thomas stated the appellant was incoherent so he took the appellant to the Baptist Hospital Emergency Room where he was examined. The doctor at Baptist told the appellant he had a bruised elbow and a cut lip and gave him some pills and told him to go home to bed.
The following morning, Thomas and two other friends of the appellant, Ray Andrews and Wheeler Foshee, came to check on the appellant. He complained of a headache and was acting strangely, so Foshee called his physician, Dr. Odom, to examine the appellant. Dr. Odom was not on call so Dr. Crockett, one of the doctors who practices with Dr. Odom, met appellant at the University Medical Center in Montgomery. Dr. Crockett examined the appellant and determined he had a concussion. The appellant remained in the hospital overnight for observation.
Dr. Walker Sorrell, a pathologist, testified that a person would not be under the influence of alcohol after consuming only two beers. He stated that the symptoms of a concussion (dizziness, slurred speech, loss of memory, headaches, unbalanced gait, combative attitude) are similar to the effects of alcohol on an intoxicated person. Dr. Sorrell testified that the diagnosis of a concussion is a clinical observation and a matter of exclusion. "If you don't find anything, and you find the symptoms of a concussion, you assume it is a mild concussion." (R. 96).
 I
The appellant contends his arrest was unlawful and, therefore, the trial court should have quashed the arrest warrant and suppressed the evidence upon which this arrest was based.
The appellant was charged with the violation of § 32-5A-191, Code of Alabama 1975, which replaced § 32-5-170, Code of Alabama 1975. At the time of the appellant's arrest, §32-5-171, Code of Alabama 1975 provided that:
 "A uniformed police officer, state trooper, county sheriff or his deputy or member of a municipal police force may arrest, at the scene of a traffic accident, any driver of a vehicle involved in the accident if upon personal investigation, including information from eyewitnesses, the officer has reasonable grounds to believe that the person by violating section 32-5-170 contributed to the accident. He may arrest such a person without a warrant although he did not personally see the violation."
The appellant argues that because § 32-5-170 was repealed by the Alabama legislature and § 32-5-171 specifically referred to § 32-5-170, the legislature implicitly intended to repeal §32-5-171, and therefore, this appellant's arrest was unlawful. However, we do not reach the same conclusion as the appellant.
Section 32-5A-13, Code of Alabama 1975 states: *Page 184 
 "The provisions of this chapter are cumulative and shall not be construed to repeal or supersede any laws not inconsistent herewith. Without limitation of the generality of the preceding sentence of this section, this chapter shall not repeal or supersede sections 32-5-8. 32-5-9, 32-5-11 through 32-5-14. 32-5-16, 32-5-31, 32-5-51, 32-5-54, 32-5-64, 32-5-65, 32-5-72, 32-5-74 through 32-5-76, 32-5-93, 32-5-97, 32-5-113, 32-5-152, 32-5-171, 32-5-190 through 32-5-192, 32-5-194, 32-5-210 through 32-5-253, 32-5-310, 32-5-312, 32-5-313 and 32-5-316, but nothing contained in this sentence shall be construed as implying that any law not specifically listed herein is or is not repealed or superseded by this chapter." (Emphasis supplied).
The language contained in the above quoted statute is plain and unambiguous and its meaning is obvious. We must give effect to the legislature's manifestation of its intent as there is no room for construction. State v. Dawson, 264 Ala. 647,89 So.2d 103 (Ala. 1956). It is clear to this court that the legislaturedid not intend to repeal § 32-5-171.
Moreover, on March 1, 1983, the legislature substituted "§32-5A-191" for "§ 32-5-170" in § 32-5-171. This act further clarifies the legislature's intention that § 32-5-171 was not repealed by § 32-5-170.
The facts of this case indicate Officer Patterson had reasonable grounds to believe the appellant had violated §32-5A-191 even if he had not personally observed the violation of the statute.
However, Officer Patterson did see the violation of §32-5A-191 by the appellant. Section 15-10-3 (1), Code of Alabama provides that:
 "An officer may arrest any person without a warrant, on any day and at any time, for:
 "Any public offense committed or a breach of the peace threatened in his presence."
Officer Patterson testified he saw the appellant back his own vehicle into the ditch. He was present during the actual operation of the vehicle by this appellant, and therefore, this offense was at least partly committed in his presence.
We hold the appellant's arrest was proper under § 32-5-171
and § 15-10-3 (1) and, therefore, the trial judge correctly refused to quash this arrest warrant. The evidence gathered at the scene of the accident was properly allowed into evidence as part of the res gestae.
 II
The appellant asserts that Officer Patterson lacked probable cause to effectuate his arrest because the State failed to show that Officer Patterson saw the appellant in actual, physical control of his own vehicle, and that he was intoxicated while in control of this vehicle. This contention is without merit.
First, Officer Patterson testified he saw the appellant back his own vehicle into a ditch. Certainly, this was sufficient to prove that the appellant was in actual, physical control of his vehicle.
Secondly, Officer Patterson's belief that the appellant was intoxicated arose from the actions of the appellant immediately following his backing the vehicle into the ditch. Patterson stated the appellant fell out of his vehicle, was unable to walk or stand without assistance, spoke with slurred speech, smelled of alcohol, had a combative attitude, and failed several field tests.
These facts certainly gave Officer Patterson reasonable cause to believe this appellant was driving while intoxicated. The appellant's warrantless arrest was justified because Officer Patterson was present during the actual operation of the vehicle even though he did not ascertain that this appellant was intoxicated until he had gotten out of his vehicle. *Page 185 
 III
The appellant challenges the constitutionality of § 32-5A-191
(a)(2), Code of Alabama 1975 because the words "under the influence" are too vague to establish a standard of guilt. The appellant alleges in his brief that it is only "illegal to drink to a point that it affects one's ability to drive safely." We agree with this general statement, and believe it precisely describes the conduct which this statute prohibits.
When a person is under the influence of alcohol, his ability to drive is impaired and he is incapable of driving safely. The person's degree of intoxication is irrelevant. If a person is intoxicated to any degree, his driving capacity is diminished and he is a danger to others who may travel over the public highways. Evans v. State, 389 So.2d 567 (Ala.Crim.App. 1980).
Therefore, we find the language of the statute clearly sets out the standard of guilt. A person is guilty of violating §32-5A-191 (a)(2) if he drives a vehicle under the influence of alcohol, regardless of the degree of that influence.
This statute is not vague because the legislature plainly stated in the statute which conduct is prohibited. We hold that § 32-5A-191 (a)(2) is therefore constitutional and is not void for vagueness.
 IV
The appellant objects to the admission into evidence of his refusal to take the GCI test for several reasons.
First, he contends he was physically incapable of taking the test. We believe this to be a matter of opinion. The fact of the appellant's physical ability or inability to take the test goes to the weight of the evidence of his refusal to take the test, not the admissibility of such evidence per se. See Hillv. State, 366 So.2d 296 (Ala.Crim.App. 1978), affirmed,366 So.2d 318 (Ala. 1979).
Secondly, the appellant believes he has a right to be informed that he has a choice of which test he wishes to take, that he may have his personal physician administer the test, and that he has the right to be given the Miranda warnings before deciding whether or not to take the test. There is no legal authority in this state which gives the appellant these rights as he now claims to possess. Hill v. State,366 So.2d 318 (Ala. 1979), Parker v. State, 397 So.2d 199
(Ala.Crim.App.), cert. denied, 397 So.2d 203 (Ala. 1981).
Thirdly, the appellant claims the trial judge improperly excluded the evidence that his license was not revoked, even though he refused to take the GCI test. The decision as to whether this evidence should have been excluded is within the trial judge's sound discretion. Obviously, he determined this fact was not relevant and decided against its admissibility into evidence. Absent a gross abuse of discretion, which is not present here, this court will not reverse a decision by the trial judge which was left to his discretion.
Fourthly, the appellant asserts that the admission into evidence of his refusal to take the GCI test violated his right against self-incrimination. This issue has been decided adversely to the appellant. Hill v. State, supra; South Dakotav. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983).
Lastly, the appellant challenges the constitutionality of §32-5A-191 (a)(1), Code of Alabama 1975 concerning the .10 standard. We do not need to consider this matter on appeal because there was no evidence that the appellant had violated §32-5A-191 (a)(1). Furthermore, the appellant failed to raise this issue during the trial below. Andersen v. State,418 So.2d 967 (Ala.Crim.App. 1982).
Section 32-5-192 (a), Code of Alabama 1975 provides that:
 "Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent, subject to the provisions of this division, to a chemical test or tests of his blood, breath or urine for the purpose of *Page 186 
determining the alcoholic content of his blood if lawfully arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle on the public highways of this state while under the influence of intoxicating liquor."
By virtue of implied consent, a person's refusal to submit to a chemical test for intoxication is admissible into evidence.Hill v. State, supra. Therefore, the trial judge properly admitted into evidence the appellant's refusal to take the GCI test.
 V
The appellant alleges that some of his written requested jury instructions were improperly refused.
We have carefully reviewed the appellant's refused charges and find each was properly refused because either they were substantially and fairly covered by the court's oral charge, or other given charges, or such were incorrect statements of the applicable law or were abstract or argumentative and hence invasive of the province of the jury. Ala. Code § 12-16-13
(1975); Trahan v. State, 450 So.2d 1102 (Ala.Crim.App. 1984);Prince v. State, 50 Ala. App. 368, 279 So.2d 539, cert. denied,291 Ala. 796, 279 So.2d 549 (1973).
 VI
Lastly, the appellant challenges the sufficiency of the evidence presented at this trial. The testimony of Officer Patterson at trial was certainly sufficient to allow the jury to conclude, by fair inference, that this appellant was driving while under the influence of alcohol. The presentation of evidence as to the appellant's having a concussion did not eradicate Officer Patterson's testimony as to matters which occurred at the scene. Whether the appellant was suffering from a concussion or was intoxicated was a question for the trial jury to determine, which they properly decided. Cumbo v. State,368 So.2d 871 (Ala.Crim.App.) cert. denied, 368 So.2d 877 (Ala. 1979).
For the reasons stated above, this cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.