461 So.2d 43 (1984)
James Larkin HANNERS
v.
STATE of Alabama.
5 Div. 901.
Court of Criminal Appeals of Alabama.
November 27, 1984.
Tom Radney of Radney & Morris, Alexander City, for appellant.
Charles A. Graddick, Atty. Gen. and Phillip Luke Hughes, Asst. Atty. Gen., for appellee.
TYSON, Judge.
James Larkin Hanners was convicted of driving under the influence of alcohol (DUI), in violation of § 32-5A-191(a)(2), Code of Alabama 1975. After a sentencing hearing, the trial judge sentenced the appellant to "one year in the county jail, 60 days to be served, balance suspended" and fined him $1,000.00.
The evidence shows that the appellant was a well driller. On September 20, 1983, he was finishing a job in rural Randolph County. Tim Harrington stated that he went to the scene of the appellant's well drilling operation around 3:00 p.m. The appellant was taking a break from the process of dismantling his well-drilling rig at this time. Harrington said the appellant was drinking a beer, but did not appear intoxicated.
Harvey Chapman testified that his daughter, Karen Chapman, left home on September 20, 1983, around 5:20 p.m. She was going to visit a friend. He stated that his daughter was a normal girl and had no physical or mental impairment at this time. A short while after his daughter left home he received a telephone call about a car accident. He went to the scene and saw his daughter's car and his daughter. As a result of this accident she was mentally incapable of testifying in this case.
Hugh Lamar Phillips testified that he came upon this accident shortly after it *44 occurred. Karen Chapman's car was off the road, but on her side of the highway. She was still in the car. The appellant's truck was in the road, and the appellant was sitting on the side of the road. Phillips said that he could smell alcohol on the appellant's breath, but the appellant acted sober.
Billy Herrin went to the scene of the accident with a wrecker. He talked to the appellant and stated that the appellant had the smell of alcohol on his breath.
Mark Herrin testified that he arrived at the scene of the accident with Hugh Lamar Phillips. He stated that he smelled alcohol on the appellant.
James Bailey testified that he was an Alabama State Trooper. On September 20, 1983, he arrived at the scene of an accident involving Karen Chapman and the appellant. He talked to the appellant at the scene of the accident and detected an odor of alcoholic beverages on appellant's breath. The appellant told Bailey that he had been drinking earlier that day. Bailey did not bring any charges against the appellant.
Officer Bailey stated that he had three years' experience working accident scenes and he had been trained to examine such scenes. His investigation of this accident revealed that the point of impact was located on Karen Chapman's side of the road.
The appellant offered the testimony of Mrs. Gladys Butler. She stated that the accident occurred in front of her home. She was on her front porch at the time of the accident. She stated that she saw the appellant's truck coming down the road, but never saw the other car involved in the accident. According to Mrs. Butler, the appellant's truck never left his lane. She further stated that she talked with the appellant at the scene and did not smell any alcohol on his breath.
Maxine Rice testified that she lives next to Mrs. Butler. She went to the scene of the accident and talked with the appellant. She did not smell any alcohol on appellant. She also stated that the appellant did not appear to be intoxicated.
Stephanie Rice, the twelve year old daughter of Maxine Rice, testified that she was on Mrs. Butler's front porch when the accident occurred. She saw Miss Chapman's car come around a curve in the road and hit the appellant's truck. She said that the appellant's truck never left his side of the road. She was around the appellant at the accident scene and did not smell any alcohol.
The appellant did not testify at trial.

I
Appellant contends that the evidence was insufficient to support a conviction for driving under the influence of alcohol.
"The question of driving on a public highway while intoxicated or under the influence of alcohol was discussed by Judge Samford in Broxton v. State, 27 Ala.App. 298, 171 So. 390 (1936), wherein he stated:
`The taking of one or more drinks of intoxicating liquor would not of itself be sufficient to establish the fact of intoxication.... when, therefore, an accident occurs on a public road in which a person is killed by being run over by an automobile, and it is shown that the driver has been drinking, it becomes a question for the jury to say, from all the facts and circumstances surrounding the homicide, whether or not the driver at the time of the accident was under the influence of liquor, and, if so, was that condition the proximate cause of the homicide. If these facts be proven to the satisfaction of the jury beyond a reasonable doubt, the crime of manslaughter in the second degree would be complete.'"
Smith v. State, 56 Ala.App. 609, 324 So.2d 323 (1975).
In a very recent decision of this court, we held that "[w]hen a person is under the influence of alcohol, his ability to drive is impaired and he is incapable of driving safely. The person's degree of intoxication is irrelevant. If a person is intoxicated to any degree, his driving capacity *45 is diminished and he is a danger to others who may travel over the public highways. Evans v. State, 389 So.2d 567 (Ala. Crim.App.1980)." Pace v. City of Montgomery, 455 So.2d 180, 185 (Ala.Crim.App. 1984).
This court further found in Pace, supra, that "[a] person is guilty of violating § 32-5A-191(a)(2) if he drives a vehicle under the influence of alcohol, regardless of the degree of that influence. Pace, supra at 185.
The testimony at trial was sufficient to allow the jury to conclude, by fair inference, that the appellant was driving while under the influence of alcohol. Whether the appellant was driving under the influence of alcohol was a jury question in this case, which the jury properly resolved. Cumbo v. State, 368 So.2d 871 (Ala.Crim. App.1978), cert. denied, 368 So.2d 877 (Ala. 1979).
Under the authorities hereabove cited, the jury properly decided this case. This record is free of error and the judgment below is therefore affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, P.J., files opinion.
BOWEN, Presiding Judge, concurring.
The trial court summarized the evidence in denying the defendant's motion for a judgment of acquittal:
"As I recall the evidence there was testimony that Mr. Hanners had been seen drinking a beer earlier in the day. And there was several witnesses who testified that they detected the odor of alcohol about him immediately after the accident in question. There was physical evidence which if the jury believed it would indicate that Mr. Hanners was on the wrong side of the road at the time of the accident. And that would be a jury question. There was also evidence that would support a possible conclusion that the windshield wipers were not operating even though there was a good deal of substance, perhaps rain and other material, on the windshield. All these things together would in my judgment support a finding by the jury of guilt."
The result of this case is difficult to accept until one comprehends the distinction between being "drunk" and being "under the influence".
"There is a distinction between drunkenness and being under the influence of intoxicating liquor, and it is not necessary to prove drunkenness to secure a conviction under a statute prohibiting the operation of motor vehicles while under the influence of intoxicating liquor, nor is it necessary to prove any specific degree of intoxication. With regard to the offense of driving while under the influence of intoxicating liquor, it has been held in several jurisdictions that even the slightest degree of intoxication is sufficient to support a conviction, and that intoxication need not be of such degree that it interferes with the proper operation of a motor vehicle." 7A Am.Jur.2d Automobiles And Highway Traffic § 302 (1980).
It is true, as the defendant argues, that mere proof that he smelled of alcohol will not sustain a conviction for driving under the influence.
"Proof of the drinking of intoxicating liquor, or that the defendant's breath smelled of liquor, is not in itself sufficient to show that the defendant was intoxicated or under the influence of intoxicating liquor. However, where the charge is driving while under the influence of intoxicating liquor, it is not necessary that the prosecution show that the defendant was in a drunken stupor. And where there is evidence in the record from which the jury may infer that the defendant drove a motor vehicle upon a public way while intoxicated or under the influence of intoxicating liquor, a conviction will not be disturbed *46 on appeal, even though there is also evidence in the record to the contrary." 7A Am.Jur.2d, supra, at § 375.
Rainey v. State, 31 Ala.App. 66, 67, 12 So.2d 106 (1943) ("The statement that he was `drinking' does not necessarily establish that he was intoxicated."). Intoxication is not "established by the mere fact that accused drank intoxicating liquor or had an odor of liquor on his breath, in the absence of some proof showing that it produced in him some manifestation of intoxication." 61A C.J.S. Motor Vehicles § 633(7) (1970). Although no chemical test for intoxication was performed in this case, Alabama Code 1975, § 32-5A-194 (1980), provides that a person whose blood-alcohol level is 0.05 percent is presumed not to be under the influence of alcohol. Consequently, our DWI statute condemns driving under the influence, not merely drinking and driving.
Here, there was not only evidence that the defendant had been drinking, but evidence of the manner in which he was driving. There was undisputed evidence that the defendant not only smelled of alcohol but that he had been drinking earlier. These facts when coupled with the evidence, although conflicting, that the defendant was on the wrong side of the road when the collision occurred supply sufficient evidence to present to the jury the issue of the defendant's intoxication.
The language of Pace v. State, 455 So.2d 180 (Ala.Cr.App.1984), is consistent with the time-honored rule in this state that "when it is shown that the driver of an automobile has been drinking it becomes a question for the jury to say, from all the facts and circumstances, whether or not the driver was under the influence of liquor." Evans v. State, 36 Ala.App. 145, 146, 53 So.2d 764 (1951).
Although there is evidence from which the jury could have found the defendant not guilty, I cannot say that their finding is contrary to the great weight of the evidence.