TYSON, Judge.
Jake H. Royster was found guilty of Driving Under the Influence of alcohol in the Montgomery Circuit Court. He was fined $250.00 and ordered to attend DUI school. This is an appeal from those proceedings.
Arthur Baylor, a Sergeant with the Montgomery Police Department, testified that at approximately 5:30 p.m. on August 31, 1983, he was driving home from work when he was stopped by a woman at Goldthwaite and Herron Streets. From there he proceeded to Bibb and Moulton where he saw the appellant slumped over the steering wheel of his car in the middle of the road. Before Baylor could reach the appellant’s car, the appellant proceeded on Bibb Street. Baylor attempted to stop the appellant from the time he encountered him on Bibb until the time the appellant turned off Madison onto Decatur Street and finally stopped. During this time, Baylor saw the appellant slump over his steering wheel and weave from lane to lane almost hitting several cars head-on in the other lane.
As Baylor stopped the appellant on Decatur, other patrol cars arrived. When the officers got the appellant out of his car he had trouble standing. The officers gave the appellant an opportunity to call home but the appellant was unable to find the door to a nearby phone booth.
At this point, several field tests were administered to the appellant and he could not perform them. The officers determined the appellant was driving under the influence of alcohol and placed him under arrest. The appellant was taken to police headquarters where he refused to take the GCI test.
The appellant testified he was retired from the military and was employed at Dannelly Field. On the day in question, he was at work when he got into a fire ant bed. He received bites all over his body and was advised to go to the doctor.
The appellant got an appointment with a doctor at Maxwell Field who prescribed some medication for him. The prescription, which was for Benadryl, was filled at the pharmacy at Maxwell Field. After receiving the prescription, the appellant took one pill and proceeded to the NCO Club at Maxwell where he had one drink. The appellant then took another pill and proceeded home at approximately 5:00 p.m. He stated that he did not receive any warnings from the doctor about taking the pills and driving and did not see any warnings to that effect on the pill bottle.
He proceeded home from Maxwell on Bell Street and when he got to Bibb Street, he felt drowsy. He began looking for a parking place so he could pull over but did not find an empty one until he got to Decatur Street. The appellant stated he saw Baylor’s patrol car behind him but did not see the blue lights.
I
The appellant asserts his motion for new trial should have been granted because there was insufficient evidence presented at trial to support his conviction for driving under the influence of alcohol. We do not agree.
Officer Baylor testified that he observed the appellant, while driving, slumping over the steering wheel on several occasions, weaving back and forth between lanes and almost hitting cars in the opposite lane. After the appellant was stopped, Baylor stated the appellant had trouble standing, couldn’t find the door to a nearby phone booth, failed several field tests and refused to take a blood alcohol test. From these circumstances Baylor determined the appellant was under the influence of “something”. The appellant, himself, admitted having one drink. We hold this evidence was sufficient to allow the jury to conclude, by fair inference, that appellant was driving while under the influence of alcohol. See Leu v. City of Birmingham, 386 So.2d 483 (Ala.Crim.App.), cert. denied, 386 So.2d 488 (Ala.1980); Prescott v. State, 44 Ala.App. 670, 219 So.2d 655 (1969); Haywood v. State, 43 Ala.App. 358, 190 So.2d 725, cert. denied, 280 Ala. 171, 190 So.2d *1350 728 (1966); Spann v. State, 440 So.2d 1224 (Ala.Crim.App.1983). Hanners v. State, 461 So.2d 43 (Ala.Crim.App.1984).
The mere fact that the appellant testified he only had one drink does not prevent us from finding there was sufficient evidence to support a conviction. If it were so, it would be impossible to secure a conviction for driving under the influence of alcohol in cases in which, even though there is considerable testimony that a driver exhibits signs of intoxication, the driver denies drinking alcoholic beverages, does not smell of alcohol and refuses to take a blood alcohol test. Hanners, supra.
The presentation of evidence by the appellant that he was under the influence of a prescription drug does not nullify our finding that there was sufficient evidence to support a conviction. The question whether the appellant was under the influence of alcohol or the prescription drug was a question for the jury which they properly decided. See Pace v. City of Montgomery, 455 So.2d 180 (Ala.Crim.App.1984).
The appellant presented no evidence that the drug he took on the date in question caused him to become drowsy or drive in an erratic manner. Therefore, we hold that the jury properly determined the appellant was driving under the influence of alcohol.
II
The appellant further alleges that there was a material variance between the offense alleged (driving under the influence of alcohol) and the proof at trial (that the appellant was under the influence of both alcohol and a medication). As we stated earlier, the appellant presented no evidence as to the effects of the prescription drug he was taking. In fact, the appellant stated that the doctor did not warn him not to drink or drive and that there were no warnings to that effect on the prescription label. The appellant did introduce an exhibit of a pill bottle which contained the warning that the medication contained therein might cause drowsiness or dizziness and the medication was not to be taken with alcohol. However, this medication which had this warning was not even the same one that the appellant claims he took. Therefore, we do not find there was a material variance between the alleged offense and the proof offered at trial.
We do find that the trial judge erred in charging the jury on the offense of driving under the influence of a controlled substance and the offense of driving under the influence of a combination of a controlled substance and alcohol. However, the appellant failed to object or except to these charges and, thus, this question was not preserved for our review. Further, no other charges were tendered.
Ill
During the State’s closing argument, the following occurred:
“Ladies and Gentlemen, this is a prescription drug. Mr. Smith has talked about it being a prescription, and his client has talked about it being a prescription. That is a controlled substance. It means you don’t get it unless you have a prescription from a doctor. But away from all of that.
“At the beginning of this, the Judge swore in the jury and you took an oath that you would apply the facts to the law and reach a determination. The facts in this case are clear. From everybody there’s no contradiction that Mr. Royster was under the influence of something that inhibited him from driving. There’s no question about that. Sergeant Baylor has said that. Mr. Royster has said that. If there’s any mitigation because of what the doctor didn’t tell him, that’s for the jury to decide. If the Judge wishes to mitigate that, that’s the Judge’s decision.
“MR. SMITH: Your honor, we object to that argument.
“THE COURT: Overruled.” (R. 23-24).
Defense counsel contends the trial judge erred to reversal in overruling his objection. He asserts the State’s argument was improper because the prosecution stated as a fact that the medication the appellant *1351 was prescribed is a controlled substance when there was no evidence in the record that it was a controlled substance.
Defense counsel failed to immediately object to the part of the State’s argument which he now contends is improper. He did not give the trial judge any reasons as to why he was objecting to the State’s argument nor did he ask for a motion to exclude.
This court will not reverse a conviction on the ground of improper argument of counsel unless the opposing counsel makes a timely and specific objection to the improper argument or makes a motion to exclude the improper argument. Trawick v. State, 431 So.2d 574 (Ala.Crim.App.1983).
Therefore, for the reasons stated above, this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.