McMILLAN, Judge.
From a conviction of driving under the influence of drugs or alcohol in violation of § 32-5A-191, Code of Alabama (1975), this appeal follows. For the reasons outlined below, the decision of the trial court is due to be affirmed.
On August 29, 1983, Deputy Sammie Joe Bryant, Jr., observed the appellant driving in an erratic manner down Center Point Road, Jefferson County, Alabama. After following the appellant for approximately a mile and a half, he pulled her off to the side of the road and requested to see her driver’s license. As the appellant searched for her driver’s license, the officer detected the odor of alcohol. When the appellant was unable to produce a driver’s license, the officer ran a radio check, which indicated that the appellant was not licensed to operate a motor vehicle. The officer requested that she step out of her car, and, when she did so, he observed that she was unsteady on her feet. Appellant was arrested for the offense of driving under the influence of alcohol and was taken to the Jefferson County Jail. Appellant was not given a G.C.I. test, since the machine was broken; nor was she given a blood test to determine her blood alcohol content level. The arresting officer, however, testified that, in his opinion, the appellant was under the influence of alcohol.
The appellant testified that, on August 29, 1983, she had gotten off work around 7:15 p.m., gone by the State Store, and purchased a bottle of vodka. While she was driving home, she said, she mixed a drink in a 7-Up bottle and had driven for approximately 25 minutes when she was stopped by Officer Bryant. According to the appellant, the car that she was driving belonged to her father and she had been having some problems with the steering. The appellant admitted that she did not have a valid driver’s license, since her license had been previously revoked when she pleaded guilty to a D.U.I. charge. The appellant testified that she had consumed approximately one ounce of alcohol and was not feeling the effects of the alcohol.
I
The first issue raised on appeal concerns the trial court’s denial of the defense motion for a mistrial. Prior to trial, defense counsel made an oral motion in limine with regard to the appellant’s “prior record regarding D.U.I.” As the basis for the motion, defense counsel argued that the information would not be “germane to the issues that are before the court today.” In ruling on the motion, the trial court stated as follows:
“Now, as to your motion in limine, I think it’s due to be granted unless, of course, you open the door to something or she says something that would give grounds for impeachment of her testimony, should she take the stand.”
During cross-examination of one of the State’s witnesses, defense counsel attempted to establish that the computer check which revealed that appellant did not have a driver’s license could have been incorrect. Under cross-examination by defense counsel, Officer Bryant testified that the appellant “could have” had a valid driver’s license even though the computer check said that there was not one “on file.”
Since defense counsel had attempted to show that the appellant did have a valid driver’s license at the time of her arrest, the State, on cross-examination of the appellant, established that she did not, in fact, have a valid driver’s license at the time she was stopped by Officer Bryant. Over objection of defense counsel, the appellant admitted that in May of 1982, her license had been revoked when she pleaded guilty to the charge of driving while under the influence of alcohol.
After this evidence concerning the prior D.U.I. conviction had been presented, defense counsel moved for a mistrial and testimony was taken in the judge’s chambers, outside the presence of the jury. As *411 the basis for the motion, defense counsel argued that, since the motion in limine had been granted, the presentation by the State of the evidence concerning the revocation of appellant’s license for D.U.I. constituted error prejudicial to the appellant. In its response, the State argued that defense counsel had “opened the door” in its cross-examination of Officer Bryant, and, for that reason, that the State was allowed to respond. The court agreed with the State’s attorney and stated, “Y’all [defense counsel] opened the door on it, so I’m going to overrule your objection.” Before he made this ruling, however, the trial judge stated his reasons as follows:
“Okay. Well, gentlemen, in the very beginning when we had our motion in limine, I granted it, that there would not be anything about a, about a conviction for a prior D.U.I. provided the defense did not get into that. Now, I’m of the opinion that there was extensive cross-examination in the State’s case, or the State’s witness, against him that opened the door on those [sic] driver’s license. There was an implication in my mind as the trier of the law in this case that she had in fact a valid driver’s license. And I think that the State, the man had an opportunity to come back and cross-examine or impeach her based on that. If there had not been any testimony or any extensive cross-examination about those [sic] driver’s license, I would have granted your motion to exclude, or sustained your objection out here at this time. But I think you opened the door on that by getting into that with some extensive questions, and left some implications that she had a valid driver’s license. And I think he had the right to show they [sic]
were revoked and why at that point.” It is apparent from the above that the trial court, in granting the motion in limine, qualified the extent to which the motion would operate at the trial. Since the granting of a motion in limine is within the discretion of the trial court, the nature and extent of the protection afforded as the result of the granting of the motion is, additionally, discretionary with the court. Once defense counsel “opened the door,” the additional testimony was no longer under the protection of the court’s order.
Appellant argues, however, that the testimony elicited from the appellant concerning her prior D.U.I. conviction was an impermissible attempt on the part of the State to impeach the appellant. According to the appellant, the conviction of driving under the influence of alcohol would not be a crime involving “moral turpitude” and thus, was improperly admitted. As a general rule, however, where the defendant injects á particular issue into evidence, the State is allowed to develop the matter in its cross-examination. Hinkle v. State, 50 Ala.App. 215, 278 So.2d 218 (1973); Williams v. State, 451 So.2d 411 (Ala.Cr.App.1984); Huffman v. State, 360 So.2d 1038 (Ala.Cr.App.1977), aff'd, 360 So.2d 1045 (Ala.1978); Green v. State, 352 So.2d 1149 (Ala.Cr.App.1977); Eddy v. State, 352 So.2d 1161 (Ala.Cr.App.1977). This rule applies even where the subsequent evidence is otherwise improper or illegal. Morgan v. State, 440 So.2d 1240 (Ala.Cr.App.1983). The appellant cannot complain of evidence presented in rebuttal to those issues raised in the presentation of his defense. Vincent v. State, 231 Ala. 657, 660, 165 So. 844 (1936).
The facts in this case are similar to those in the case of Ford v. State, 445 So.2d 981 (Ala.Cr.App.1984), wherein this court, per Judge Tyson, concluded as follows:
“Appellant’s counsel raises four points on .appeal. The first deals with the cross-examination of the defendant with reference to certain facts relating to a subsequent sale of marijuana to undercover agent Wayne Ellis. This matter had been opened up, however, by [defense counsel] on cross-examination in the State’s case in chief, attempting to establish that the in-court identification was faulty as being based on only observing appellant once when Officer Ellis testified he observed appellant on three occasions and had seen a photograph. *412 The trial court’s ruling was here correct as showing the entire transaction, part of which was brought out by the appellant. Hemby v. State, 26 Ala.App. 273, 160 So. 119, cert. denied, 231 Ala. 7, 160 So. 120 (1934).” Id., at 983.
Here, as in Ford, the State presented the evidence in an attempt to show the “entire transaction,” part of which had been established by defense counsel. It is apparent that the State was not attempting to show the appellant’s bad character; rather, it offered the evidence to show that appellant’s license had been revoked and the reasons for the revocation. Since defense counsel decided to make the validity of appellant’s driver’s license an issue in this case, it was proper to allow the State to show that there was no valid license and the reasons for the revocation.
Additionally, in charging the jury, the court carefully instructed the members of the jury that they should either acquit or convict the appellant solely on the evidence presented in this case and should disregard any testimony concerning any prior convictions. That portion of the jury charge which sets out the standard as to this issue is quoted verbatim as follows:
“Now, ladies and gentlemen, you’ve heard some testimony about a prior conviction in this case. And I let that in for impeachment purposes only to let you realize that the driver’s license were [sic] revoked. I instruct you at this point to disregard any testimony you have heard in this case concerning a prior conviction in determining in this case whether or not the defendant was driving under the influence of alcohol. A prior conviction has absolutely nothing to do with this case and whether or not she was driving under the influence in this case. So you have to weigh this case based on the facts in this case. You cannot make that decision based on a prior conviction.”
Thus, even assuming that the testimony improperly prejudiced the jury in their consideration of the merits of the instant case, it is apparent that the trial court’s instructions to the jury removed any prejudicial effect.[1] Neal v. State, 47 Ala.App. 68, 71, 250 So.2d 605, cert. denied, 287 Ala. 738, 250 So.2d 608 (1971). Thus, there was no error.
II
The second issue raised by the appellant in this appeal concerns the court’s supplemental charge to the jury on the definition of driving under the influence of alcohol. During the course of the jury’s deliberations, the jury foreperson requested that the trial court give additional guidance on the question of “what is legally intoxicated?” After giving the statutory requirements, the court noted:
“As far as a legal definition, I have not seen a case, and there is not any in the comments to this book that tells me or you exactly what driving under the influence is. But I think a safe assumption would be that that would be driving after having consumed alcohol where it has impaired your mental or physical capacity to drive an automobile safely.”
Appellant argues that there is not a “legal definition of driving under the influence which is not coupled with [a] scientific test.”
In a recent case, however, language similar to the judge’s oral charge to the jury in the instant case was used to clarify the meaning of the phrase “under the influence of alcohol.” Pace v. City of Montgomery, 455 So.2d 180 (Ala.Cr.App.1984). In Pace, this Court, per Judge Tyson, stated that “[w]hen a person is under the influence of alcohol, his ability to drive is impaired and he is incapable of driving safely.” Id., at 185. See also: Banners v. State, 461 So.2d 43, 45 (Ala.Cr.App.1984). Thus, the trial court’s instructions to the jury were correct statements of the law and there was no error on the part of the trial court. Additionally, as the State notes in its brief, *413 § 32-5A-194(b)(4), Code of Alabama (1975), states that “[t]he foregoing provisions of this subsection shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of alcohol.” Thus, a jury question was presented and a “scientific test” was not required.
AFFIRMED.
All the Judges concur.

. For the reasons outlined above, however, it is apparent that the failure to instruct the jury in this manner would not have been grounds for error. Jones v. State, 362 So.2d 1303, 1313 (Ala.Cr.App.1978).