TYSON, Judge.
Odell Hose was charged by Uniform Traffic Complaint for driving under the influence of alcohol. After conviction of this offense in the District Court of Mobile County, Hose appealed to the Mobile Circuit Court. A solicitor’s complaint was then filed charging Hose with unlawfully operating a motor vehicle upon a public highway by driving said motor vehicle while under the influence of alcohol, in violation of § 32-5A-191, Code of Alabama 1975, as amended. The jury found the appellant “guilty as charged” and, following a sentencing hearing, the trial judge fined Hose $250.00 plus costs and further ordered Hose to attend an Alcohol Safety Education Program.
Jules McNellage testified that on March 24, 1984, at approximately 5:00 p.m. he and his wife were driving west on Interstate 10. As McNellage was driving along, he looked into his rearview mirror and noticed a car coming up behind him. This car was “weaving all over the road.” McNellage pulled his vehicle over onto the shoulder of the road and allowed the other vehicle to pass him. Then, keeping this vehicle in sight, McNellage sped up. As the weaving vehicle topped a bridge crossing the highway McNellage momentarily lost sight of it. A few seconds later McNellage crossed the bridge and did not see the vehicle any more. McNellage turned off the interstate and as he turned he saw a car off the road. He turned around and “headed back towards the cloverleaf.” He saw a man standing outside the car waving his hands and yelling. McNellage went to a nearby telephone and called the state troopers.
McNellage further testified that the man he saw down by the car was this appellant. He stated that the car which was off the road was the same color as the vehicle which he had seen weaving just a few minutes earlier and that, although he was not positive it was the same car, he was almost certain because he only lost sight of the car “for a few seconds” and the car “was not down the highway.” He further stated that this car was the only one of that color that he saw during this time span.
William Hunter testified that he and two companions were driving down Interstate 10 on the afternoon of March 24, 1984. At approximately 5:30 p.m., he came upon a car down in a ditch. Hunter noticed smoke coming from the rear of the vehicle. As he stopped, he noticed a man slumped over the wheel of the car. He identified this appellant as that man.
When Hunter approached the vehicle, the rear tires were spinning and the motor was running. He ran up to the car and told the appellant that the car was on fire, to which the appellant responded, “Well, let the car burn.” The two men with Hunter helped the appellant out of the car and Hunter began putting the fire out. Hunter stated that the appellant’s speech was slurred and that his companions had to almost carry the appellant up the side of the hill away from the car. Hunter stated that, from the appellant’s mannerisms and speech, it was his opinion that the appellant was under the influence of alcohol. Hunter further testified that appellant’s vehicle was bogged down in the mud to a point where it had become immobile.
William Boone testified that he was with Mr. Hunter on the afternoon of March 24, 1984. When they saw the appellant’s car they stopped to render assistance. Boone, Hunter and another companion ran down to the car. Upon reaching the car they saw the appellant slumped over the steering wheel. He helped pull the appellant out of the car. When they got the appellant out of the car, the appellant tried to stand up and could not do so. Boone and Gavin, Hunter’s other companion, pulled appellant away from the car. Boone further testified that the smell of bourbon was on the appellant’s breath and that he noticed a drink had spilled on the seat of appellant’s car.
*672 Joe Sewell testified that he was employed as an Alabama State Trooper. On March 24, 1984, he was called to the scene in question, arriving at approximately 5:30 p.m. When he arrived, the appellant was outside his vehicle, along with Mr. Hunter, Mr. Boone, and Mr. Gavin. He attempted to talk to the appellant about the incident but had no success in obtaining a statement from him. When he approached the vehicle, Sewell could smell the odor of alcohol. He noticed a glass with ice on the floor of the car that had apparently been spilled.
Sewell testified that he attempted to get the appellant to take a field sobriety test but appellant refused. He arrested the appellant and took him to “the county docket.” The appellant again refused to submit to any testing.
I
The appellant contends that the State failed to prove a prima facie case against him. He argues that the evidence was insufficient to convict him of the crime with which he was charged.
The solicitor’s complaint charged the appellant with “unlawfully operatpng] a motor vehicle upon a public highway by driving said motor vehicle while under the influence of alcohol in violation of § 32-5A-191”, Code of Alabama 1975.
“When a person is under the influence of alcohol, his ability to drive is impaired and he is incapable of driving safely. The person’s degree of intoxication is irrelevant. If a person is intoxicated to any degree, his driving capacity is diminished and he is a danger to others who may travel over the public highways. Evans v. State, 389 So.2d 567 (Ala.Crim.App.1980).” Pace v. City of Montgomery, 455 So.2d 180, 185 (Ala.Crim.App.1984). “A person is guilty of violating § 32-5A-191(a)(2) if he drives a vehicle under the influence of alcohol, regardless of the degree of that influence.” Pace, supra at 185.
The appellant argues that the State failed to prove that he was driving his vehicle while under the influence of alcohol. A review of the evidence as set out above shows that, although it is a close question, the testimony at trial was sufficient to allow the jury to conclude, by a fair inference which may be drawn from the totality of the circumstances, that this appellant was driving under the influence of alcohol. Whether the appellant was driving under the influence of alcohol was a jury question in this cause, which the jury properly resolved. Cumbo v. State, 368 So.2d 871 (Ala.Crim.App.), cert. denied, 368 So.2d 877 (Ala.1979). See also, Pace, supra; Hanners v. State, 461 So.2d 43 (Ala.Crim.App.1984); Robinson v. City of Abbeville [Ms. 4 Div. 496, October 8, 1985] (Ala.Crim.App.1985); Annot. 93 A.L.R.3d 7 (1979).
II
The appellant further contends that there was a material variance between the crime charged and the evidence produced at trial. Appellant argues that the State failed to prove that he was driving under the influence of alcohol. He argues that the only crime which the evidence even remotely supported was the alternative averment contained within § 32-5A-191, which is that he was in actual physical control of a vehicle while under the influence of alcohol.
This contention is without merit, due to the holding of this court in Issue I of this opinion. The State did, in fact, present sufficient evidence to convict the appellant of the crime charged. Therefore, there was not a fatal variance as argued by this appellant. See Hightower v. State, 443 So.2d 1272 (Ala.1983).
For the reasons hereinabove stated, the judgment of the trial court is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.