PER CURIAM.
The petitioner, Barry Wayne Buckner, was convicted of driving under the influence of alcohol and was sentenced to 270 days in jail and a $4,000 fine. Buckner appealed to the Court of Criminal Appeals, which affirmed the judgment without an opinion. 541 So.2d 81. Buckner petitioned this Court for a writ of certiorari, properly utilizing Rule 39(k), A.R.App.P.
The record shows that Buckner left work at approximately 9:00 p.m. on January 8, 1987, and went to a nearby lounge. The owner of the lounge testified that Buckner remained there until approximately midnight and that he consumed three beers while there. This testimony was supported by a business record maintained by the lounge. The owner of the lounge also testified that she talked to Buckner when he paid his tab prior to leaving and that his speech was not slurred; that he was walking and talking in “pretty much a normal fashion”; that he was not swaying when he walked; and that he did not appear to be under the influence of alcohol.
After leaving the lounge, Buckner went to a nearby restaurant, where he stayed until approximately 3:00 a.m. The manager of the restaurant testified that while at the restaurant Buckner sat and talked with other patrons and drank coffee. The restaurant did not serve alcohol. The manager further testified that Buckner’s speech was not slurred and .that he did not exhibit any other signs of intoxication and that in his opinion Buckner was not under the influence of alcohol.
Officer Vic Treadway of the Huntsville police department testified that he observed Buckner speeding and then followed him as he turned onto an unmarked two-lane street. Officer Treadway testified that he followed Buckner and noticed that Buckner was weaving some and that he “rolled through” a stop sign. Officer Treadway then turned on his emergency lights and stopped Buckner.
Officer Treadway testified that when he talked with Buckner he could smell alcohol on Buckner’s breath and that Buckner’s *452 eyes were red and glassy. Officer Tread-way also testified that Buckner’s speech was not slurred and that he was stable on his feet.
Officer Treadway testified that he had Buckner perform several field sobriety tests. He first instructed Buckner to tilt his head back, close his eyes, and say the alphabet. Buckner transposed two letters. Officer Treadway then instructed Buckner to walk heel-to-toe for nine steps on a straight line, then pivot on his left foot and walk back. Buckner stepped off of the line when he pivoted. Officer Treadway then instructed Buckner to hold one foot out in front of him six inches above the ground and count to 30. Buckner attempted the test and had to put his foot down. He tried again and was successful, although he had to hop to do so. Officer Treadway then placed Buckner under arrest.
After arresting Buckner, Officer Tread-way transported him to the city jail, where he was asked to take a breathalyzer test. Buckner testified that he told the machine operator that he would take the test if he would not “make any adjustments on the machine after I blow into it.” Buckner testified that the operator answered that he “couldn’t help me there,” so no test was given.
The first issue raised by Buckner is whether the trial court erred in instructing the jury on its definition of driving under the influence. During its oral charge to the jury, the court stated:
“It is not necessary that the stage of intoxication be such that it would interfere with the proper operation of the vehicle. The law provides that a person shall not drive a vehicle under the influence of alcohol.
[[Image here]]
“If you determine that the defendant was under the influence of alcohol, then the degree of intoxication is immaterial, and it is not necessary that the degree of intoxication must be so advanced or the influence of alcohol be so advanced as to interfere with the proper operation of the vehicle. What is required under the law is that the defendant intentionally drove a vehicle and that while doing so he was under the influence of alcohol.”
Buckner contends that this portion of the trial court’s charge was incorrect.
Alabama’s D.U.I. statute, Ala.Code 1975, § 32-5A-191, provides that “[a] person shall not drive or be in actual physical control of any vehicle while: (1) There is 0.10 percent or more by weight of alcohol in his blood; (2) Under the influence of alcohol. ...” This Court has held that subsections (1) and (2) are not separate offenses, but are two methods of proving the same offense — driving under the influence of alcohol. Sisson v. State, 528 So.2d 1159 (Ala.1988). Thus, in attempting to prove that Buckner was guilty of driving under the influence of alcohol, the prosecution could either prove that Buckner’s blood alcohol content was .10 percent or more or that he was “under the influence of alcohol.” Because no test was administered to Buckner, the prosecution had the burden of proving that he was “under the influence of alcohol.”
Section 32-5A-191(a)(2) makes it illegal to drive or be in actual physical control of a vehicle while “under the influence of alcohol.” However, it does not define “under the influence of alcohol.” The Court of Criminal Appeals has held that “[a] person is guilty of violating § 32-5A-191(a)(2) if he drives a vehicle under the influence of alcohol, regardless of the degree of that influence.” Pace v. City of Montgomery, 455 So.2d 180, 185 (Ala.Crim.App.1984). See, also, Holley v. State, 25 Ala.App. 260, 144 So. 535 (1932). The burden of proving that a defendant was under the influence of alcohol differs if the prosecutor elects to proceed under § 32-5A-191(a)(l). Ala. Code 1975, § 32-5A-194(b) states:
“Upon the trial of any civil, criminal, or quasi-criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcohol, the amount of alcohol in the person’s blood at the time alleged as shown by chemical analysis of the person’s blood, urine, *453 breath or other bodily substance shall give rise to the following presumptions:
“(1) If there were at that time 0.05 percent or less by weight of alcohol in the person’s blood, it shall be presumed that the person was not under the influence of alcohol.
“(2) If there were at the time in excess of 0.05 percent but less that 0.10 percent by weight of alcohol in the person’s blood, such fact shall not give rise to any presumption that the person was or was not under the influence of alcohol, but such fact may be considered with other competent evidence in determining whether the person was under the influence of alcohol.
“(3) If there were at that time 0.10 percent or more by weight of alcohol in the person’s blood, it shall be presumed that the person was under the influence of alcohol.
“(4) The foregoing provisions of this subsection shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of alcohol.”
The Pace standard of applying § 32-5A-191(a)(2) would make it illegal for a person to have a small glass of wine with his dinner at a restaurant and then drive home because he would be “under the influence” even though the amount of alcohol in his blood would be less than 0.05 percent. At the same time, if that person were given a test for blood alcohol content, he would be presumed not to be under the influence of alcohol. Thus, while the courts have said that paragraphs (a)(1) and (a)(2) of § 32-5A-191 define the same offense, their application can lead to opposite results under the same facts.
Although it could be inferred from the legislature’s failure to define “under the influence” in § 32-5A-191(a)(2) that the legislature intended that phrase to mean that the degree of the influence is immaterial, the legislature specifically states in § 32-5A-194(b)(l) that a person is presumed to not be under the influence of alcohol for purposes of a D.U.I. prosecution when small amounts of alcohol are present.
What, then, is the prosecution’s burden of proof under § 32-5A-191(a)(2)? Section 32-5A-191 was enacted as a portion of the Alabama Rules of the Road Act, Act 80-434, Alabama Acts 1980, which contained the following preamble:
“To be known as the Alabama Rules of the Road Act, providing rules of highway and traffic safety, establishing general rules relating to the effect of traffic laws and penalties for the violation thereof, providing for the establishment of traffic signs, signals and markings, and providing for certain powers of the state highway department and the department of public safety of this state; repealing numerous specific code sections and statutes that conflict herewith as well as all other laws that conflict with this act.” (Emphasis added.)
This purpose behind the enactment, coupled with the presumptions in § 32-5A-194(b), indicates that the legislature intended to prohibit a person from driving a vehicle only after consuming such an amount of alcohol as would impair his ability to drive safely. Thus, the prosecution’s burden is to prove that the defendant was under the influence of alcohol to the extent that it affected his ability to operate his vehicle in a safe manner.
This interpretation does not require any greater burden than has been imposed in many cases. See, e.g., Ex Parte Bush, 474 So.2d 168 (Ala.1985); Grimes v. State, 488 So.2d 8 (Ala.Crim.App.1986); Hose v. State, 489 So.2d 670 (Ala.Crim.App.1986). It does, however, allow the defendant to rebut the prosecutor’s proof with evidence such as that presented in this case. The burden on the prosecutor also makes the degree of the defendant’s intoxication a jury question.
We hold, therefore, that the Court of Criminal Appeals erred in holding that the trial court did not err in instructing the jury that the degree of the influence of alcohol does not have to be so advanced as to interfere with the proper operation of the vehicle. We further hold that, for pur *454 poses of § 32-5A-191(a)(2), the phrase under the influence of alcohol” is to be defined as “having consumed such an amount of alcohol as to affect his ability to operate a vehicle in a safe manner.”
The judgment is therefore reversed and the cause remanded.
REVERSED AND REMANDED.
All of the Justices concur.