The appellant was convicted of driving under the influence of alcohol, in violation of § 32-5A-191(a)(2), Code of Alabama
(1975), in the district court of Mobile County. He was fined $250.00 plus court costs and ordered to attend D.U.I. school. Thereafter, appellant appealed his conviction to the Mobile County Circuit Court and a trial de novo was held in front of a jury. The appellant was again found guilty; he was sentenced to 30 days in the county jail, fined $500.00 plus court costs, and ordered to attend D.U.I. School.
 I.
The appellant argues that the prohibition in §32-5A-191(a)(2) which states, "A person shall not drive or be in actual physical control of any vehicle while . . . [u]nder the influence of alcohol," is constitutionally void under the logic of Papachristou v. City of Jacksonville, 405 U.S. 156,98 S.Ct. 839, 31 L.Ed.2d 110 (1972). Papachristou found that a vagrancy statute was void for vagueness and thus conflicted with the appellant's right to be afforded procedural due process under the law. The appellant argues that a person of "ordinary intelligence" could not "reasonably interpret the phrase 'under the influence' " and thus that the statute is constitutionally void. This issue has previously been laid to rest by this court in Pace v. City of Montgomery, 455 So.2d 180
(Ala.Cr.App. 1984), wherein it was stated:
 "[W]e find the language of the statute clearly sets out the standard of guilt. A person is guilty of violating § 32-5A-191(a)(2) if he drives a vehicle under the influence of alcohol, regardless of the degree of that influence.
 "This statute is not vague because the legislature plainly stated in the statute which conduct is prohibited. We hold that § 32-5A-191(a)(2) is therefore constitutional and is not void for vagueness."
455 So.2d at 185.
 II.
The appellant contends that "a complaint that follows the wording of the statute cannot withstand a demurrer unless the complaint itself spells out the constituted elements of the offense charged." The record indicates that the complaint states in pertinent part:
 "Christopher T. Jemison, did unlawfully operate a motor vehicle upon a public roadway by driving said motor vehicle while under the influence of alcohol, in violation of § 32-5A-191 of the Code of Alabama, and contrary to the peace and dignity of the State of Alabama."
This court has previously said:
 "Pursuant to § 15-8-25, Code of Alabama 1975, an indictment must state the facts constituting the offense, in ordinary and concise language, in such a manner as to enable a person of common *Page 49 
understanding to know what is intended. It must likewise inform the accused not only of the nature of the offense, but also of the particular act or means by which it was committed. Harrison [v. State, 384 So.2d 641, 643 (Ala.Cr.App. 1980)]."
Matthews v. State, 401 So.2d 241, 245 (Ala.Cr.App.), cert.denied, 401 So.2d 248 (Ala. 1981). See also Wilder v. State,401 So.2d 151 (Ala.Cr.App.), cert. denied, 401 So.2d 167 (Ala. 1981), cert. denied, 454 U.S. 1057, 102 S.Ct. 606,70 L.Ed.2d 595 (1981). It is clear that the appellant was sufficiently apprised of the particulars of the offense to enable him to prepare a defense.
 III.
The appellant contends that the trial court erred in allowing the results of the P.E.I. test into evidence because the State allegedly failed to show that the Alabama Department of Public Safety had adopted the P.E.I. form of testing. The State, in order to lay a proper predicate for the admissibility of P.E.I. test results, must show, among other prerequisites, that the law enforcement agency administering the test had adopted that particular form of testing. Ex parte Bush, 474 So.2d 168 (Ala. 1985); Patton v. City of Decatur, 337 So.2d 321 (Ala. 1976). InEx parte Reed, 492 So.2d 293 (Ala. 1986), the Alabama Supreme Court held that the State failed to establish the requisite predicate where a police officer testified that part of his duties was to administer the P.E.I. test and that he was certified to administer such test. The court held that such testimony alone was insufficient to establish that the law enforcement agency had adopted the P.E.I. method of testing. The court went on to distinguish the facts of Reed from those of Redus v. State, 398 So.2d 757 (Ala.Cr.App.), cert. denied,398 So.2d 762 (Ala. 1981) and Estes v. State, 358 So.2d 1050
(Ala.Cr.App. 1977), cert. denied, 358 So.2d 1057 (Ala. 1978), in which a proper predicate was deemed to have been laid despite the omission of a precise statement that the particular testing method was adopted by the agency administering the test.
In the case sub judice, the officer administering the test was a state trooper and the following transpired at trial:
 "[Prosecutor]: During your training, were you taught that the procedures on this card [procedures for administering the P.E.I. test] that you attached to the ticket, were approved by the State Board of Health?
"[Officer]: Yes, ma'am, we were."
The officer's certification card was admitted into evidence; he testified that he had administered the P.E.I. test hundreds of times before; he further testified that before he used the instrument on the appellant, he checked to insure that it had been tested for accuracy; and he testified that he followed the apparatus procedure card in administering the P.E.I. test on the appellant. It is clear that the proper predicate was laid for the admission of the P.E.I. test results, which showed that the appellant's blood-alcohol content was 0. 19 percent.
 IV.
The appellant argues that it was error for the trial court to charge the jury as to the elements of an allegedly separate and distinct section of the Criminal Code from the one for which he was charged. The appellant was charged by the solicitor's complaint with the violation of § 32-5A-191(a)(2), Code ofAlabama (1975). However, in his oral charge, the trial judge instructed the jury:
 "[T]he law says that a person shall not drive or be in actual physical control of any vehicle while 1) there is .10 percent or more by weight, of alcohol in his blood; 2) under the influence of alcohol."
Thus, the trial judge charged the jury on both §32-5A-191(a)(2) and § 32-5A-191(a)(1). However, this court has recently held that a jury charge which instructed the jury as to the elements of both subsections, although the appellant was only indicted under § 32-5A-191(a)(2), as in the instant case, was proper. Jones v. State, 513 So.2d 50 (Ala.Cr.App. 1986). In finding that the judge's instructions did not constitute a fatal variance from the solicitor's *Page 50 
complaint, this court stated that "the instructions of the trial judge did not authorize the jury to find the defendant guilty of an offense with which he was not charged.Boyd [v. City of Montgomery, 472 So.2d 694 (Ala.Cr.App. 1985)]. Here, the defendant was not convicted of the same crime under a different set of facts than those charged in the complaint."Id. As in the present case, the appellant in Jones was convicted of driving under the influence of alcohol.
 V.
The appellant claims that it was error for the circuit judge to enhance his sentence. The appellant's sentence fell within the statutory limits and, as no showing of abuse of discretion by the trial court has been presented, this court will not overturn that sentence. Blaylock v. State, 411 So.2d 1299
(Ala.Cr.App. 1982); Tombrello v. State, 421 So.2d 1319
(Ala.Cr.App. 1982).
AFFIRMED.
All the Judges concur, with PATTERSON, J., concurring in the result only.