The appellant, Claude Edward Briggs, was arrested and charged with driving under the influence of alcohol, in violation of § 32-5A-191(a)(2), Code of Alabama 1975, as adopted for enforcement by the City of Huntsville by § 14-2 of Chapter 14 of the "Code of Ordinance," City of Huntsville, Alabama 1982. He was found guilty in the Municipal Court of Huntsville and appealed his conviction to the Circuit Court of Madison County for a trial de novo. The appellant was tried by a jury in the circuit court and again found guilty. As this was his *Page 168 
third offense within a five-year period, appellant was sentenced to one year in the county jail, to be served on work release, and fined $1,000.
The evidence presented by the State tended to show that, on October 30, 1986, the appellant was involved in a three-car collision at an intersection in Huntsville. The appellant, at the scene, stated to the arresting officer that he had been drinking at the local VFW club earlier that evening. The arresting officer testified that he could smell alcohol either on the appellant's breath or person and that his eyes were glassy and his speech slurred. Several field sobriety tests were performed by the appellant, including a finger-count field sobriety test. Upon failing to complete these tests to the satisfaction of the police officer, the appellant was placed under arrest for driving under the influence of alcohol, and he was transported to the Huntsville city jail. Approximately one hour after the accident, a breath test was administered on the appellant. The results of the Intoxilizer 5000 breath analysis test indicated that the appellant had a blood alcohol content of 0.22%.
The appellant raises five issues on appeal from his conviction.
 I
The appellant first contends that the original portion of the court's oral charge to the jury urged the jury to reach a verdict or gave a "dynamite charge" before the jury had begun deliberation.
The trial court, in giving its oral charge to the jury, stated in pertinent part:
 ". . . I would remind you that you are brought here for the purpose of resolving that fact. The very reason you are here is to reach a verdict. If you don't reach a verdict, come back and say we can't decide because we heard different things about the case, the job is not done if you come back and say we can't decide because that leaves the thing to be done by some other jury, and there is no reason to believe that anything that you would do would be any different than what they could do or that they would have any greater or lesser abilities than you."
The appellant contends that the trial court's oral instructions were highly prejudicial and did nothing more than to relieve the jury of its options to find him not guilty or to fail to reach a decision.
The Supreme Court of the United States in Allen v. UnitedStates, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), held that a trial judge may make certain comments and instructions urging the jury to continue deliberating and reach a verdict. The use of the "Allen charge" is permitted in Alabama. See,e.g., Franklin v. State, 502 So.2d 821, 827 (Ala.Cr.App. 1986), writ quashed, 502 So.2d 828 (Ala. 1987); Galloway v. State,416 So.2d 1103, 1109 (Ala.Cr.App. 1982). The issue as to when the "Allen charge" may be given seems to be one of first impression in Alabama. However, several federal courts have addressed this issue. In Hale v. United States, 435 F.2d 737, 742 (5th Cir. 1970), the Fifth Circuit Court of Appeals held that whether and when the "Allen charge" should be given is left to the sound discretion of the trial court. Some courts hold that the coercive effect is minimized when the "Allen charge" is given before the jury retires. Id. In United States v. Williams,624 F.2d 75, 76 (9th Cir. 1980), the Ninth Circuit Court of Appeals held that including the "Allen charge" when the criminal case was first submitted to the jury was correct and that there was less likelihood of coercion when such a charge was given in the original instruction than if it had been given after a jury deadlock.
The trial court in its oral charge went on to say: "If you are satisfied beyond a reasonable doubt of the guilt of the defendant, that is you find him guilty of the offense of driving under the influence of alcohol, you should convict him. . . . On the other hand, if you entertain a reasonable doubt about his guilt, you should likewise acquit him and . . . find the defendant not guilty." Based upon that statement, had the trial court given the "Allen" charge or "dynamite" charge, the trial court obviously set forth the duty of the *Page 169 
triers of fact that they should be the ones to decide the guilt or innocence of the accused. Indeed, we are reluctant to even view the instant charge as an "Allen" charge. However, even assuming that an "Allen" charge was given in the initial charge to the jury, no reversible error occurred.
 II
The appellant's second contention is that the trial court erred in charging on a presumption of intoxication based on a breath test, since he was charged under § 32-5A-191(a)(2), Code of Alabama 1975. Specifically, he contends that since he was charged with violating § 32-5A-191(a)(2), he was not put on notice that he would have to defend against the result of a breath test.
Section 32-5A-191(a)(2), Code of Alabama 1975, provides that, a "person shall not drive or be in actual physical control of any vehicle while under the influence of alcohol."
The trial court, in charging the jury, stated in pertinent part:
 "The law in that regard says that a person shall not drive or be in actual physical control of any vehicle while under the influence of alcohol. The law further says in that connection if there was at the time .10% or more by weight of alcohol in a person's blood it shall be presumed that the person was under the influence of alcohol. That's the presumption of intoxication which is rebuttable and can be rebutted by evidence to the contrary, but it is presumed that if a person has .10% or more by weight of alcohol in the person's blood that that person is under the influence of alcohol."
The trial court, in its oral charge to the jury, was quoting from § 32-5A-194(b)(3), Code of Alabama 1975 which states that "If there were at that time 0.10% or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of alcohol." We have held in Salazar v.State, 505 So.2d 1287, 1291 (Ala.Cr.App. 1986), that the legislature, in subdivision (b)(3) of this section, used the word "presumption" in the sense of a permissive inference or rebuttable presumption and that they did not intend to create a so-called "conclusive presumption," since it specifically provided that "any other competent evidence bearing upon the question of whether the person was under the influence of alcohol" may be introduced but the trial court must adequately instruct the jury on the nature and effect of the rebuttable presumption. In the case at bar, the trial court did so instruct. Salazar, supra, is to be distinguished from the present case because in Salazar, supra, the instruction as it stood, without explanation by the trial court as to the statutory presumption's rebuttable nature, was highly prejudicial and constituted reversible error.
Section 32-5A-194(b)(3), Code of Alabama 1975, makes no distinction between § 32-5A-191(a)(1) or (a)(2), Code of Alabama 1975. Therefore, the appellant's argument that §32-5A-194(b)(3) is applicable only to § 32-5A-191(a)(1) must fail. Furthermore, in Pace v. City of Montgomery,455 So.2d 180, 185 (Ala.Cr.App. 1984), we have held that a person is guilty of violating § 32-5A-191(a)(2), Code of Alabama 1975, if he drives a vehicle under the influence of alcohol, regardless of the degree of that influence.
As to the appellant's contention that he was not put on notice to defend against the results of the breath test, we must respectfully point out our ruling in Knight v. City ofGardendale, 500 So.2d 1257, 1258 (Ala.Cr.App. 1986), wherein we held that the Uniform Traffic Ticket and Complaint, when properly filled out, is sufficient to legally charge the offense of driving while under the influence of alcohol. For a defendant, in a drunk driving case, to claim that to be charged under § 32-5A-191(a)(2) would preclude him from defending against the results of a breath test is illogical, as breath tests are administered to virtually every individual charged with driving under the influence of alcohol. See also Collierv. State, 544 So.2d 981 (Ala.Cr.App. 1987). The record reflects that the UTTC was properly filled out, and the defendant *Page 170 
had adequate notice that he would have to defend against the results of the breath test.
 III
The appellant next contends that the trial court erred in not granting his motion to dismiss on what he says was the city's failure to prove a prima facie case.
The appellant, at trial, used as his defense a claim that he was not driving the vehicle, but that an unknown individual named "Mike" was driving it. According to the appellant, immediately after the collision, "Mike" jumped from the vehicle and fled the accident scene. Charles Bishop, a non-party witness to the accident, saw the appellant get out of the vehicle and testified that he was the only occupant in the vehicle.
The appellant, in effect, contends that at the close of the city's case, insufficient evidence had been elicited to establish probable cause to arrest him because no one saw him in actual physical control of the vehicle while under the influence of alcohol.
In Cagle v. City of Gadsden, 495 So.2d 1144, 1147 (Ala. 1986), the Alabama Supreme Court held that the test to be used in DUI cases is to look at all of the surrounding circumstances to see if there is sufficient evidence to support the conclusion that the defendant was in "actual physical control" of the vehicle. In Davis v. State, 505 So.2d 1303, 1305 (Ala.Cr.App. 1987), we held that "actual physical control" is defined as the exclusive physical power and present ability to operate, move, park, or direct whatever use or non-use is to be made of the motor vehicle at the moment. "Actual physical control" is to be determined by a totality-of-the-circumstances test. Id. The appellant contends in this issue that the prosecution's case is circumstantial because nobody could testify that he was seen driving the car. This issue was also addressed in Davis, supra, 505 So.2d at 1305-06, wherein we stated:
 " 'When this Court is reviewing a conviction based upon circumstantial evidence, the question that must be answered is whether "the evidence adduced is consistent with guilt and inconsistent with any reasonable hypothesis that the [defendant] is innocent." Ex parte Williams, 468 So.2d 99, 102 (Ala. 1985).' Cagle v. City of Gadsden, 495 So.2d 1144, 1147 (Ala. 1986). Under the facts of this case, the State's evidence is inconsistent with any reasonable hypothesis that the defendant is innocent. These facts present a jury question. ' "[It] is not every hypothesis, but every reasonable hypothesis but that of guilt, that the circumstantial evidence must exclude." ' Cumbo v. State, 368 So.2d 871, 875 (Ala.Cr.App. 1978), cert. denied, Ex parte Cumbo, 368 So.2d 877
(Ala. 1979). 'The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.' Cumbo, 368 So.2d 874. See Dolvin v. State, 391 So.2d 133
(Ala. 1980)."
Therefore, the appellant's argument must fail.
 IV
The appellant next contends that his due process rights were violated when the circuit court imposed a harsher sentence than he received in the municipal court. This issue was previously addressed in Richardson v. City of Trussville, 492 So.2d 625,628-29 (Ala.Cr.App. 1985), wherein we stated:
 " 'It is a "flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside." North Carolina v. Pearce, 395 U.S. 711, 723-24, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). It is no less a violation of due process when a harsher sentence is imposed upon a defendant for having successfully pursued a statutory right of appeal or collateral *Page 171 
remedy. Id. To insure the absence of vindictiveness at resentencing, Pearce requires "that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." Id. at 725-26, 89 S.Ct. at 2080-81, 23 L.Ed.2d 656.
 " 'However, the danger of vindictive sentencing is not inherent in a two-tiered trial de novo
system such as that found in this state so that "Pearce does not apply to a sentence after an appeal and a trial de novo in a two-tier system for adjudicating criminal offenses. Colten v. Kentucky, 407 U.S. 104, 112-120, 92 S.Ct. 1953, 1958-1962, 32 L.Ed.2d 584 (1972)." Hardy v. State, 455 So.2d 265, 268 (Ala.Cr.App. 1984); Clark v. City of Mobile, 357 So.2d 675, 677-78 (Ala.Cr.App.), cert. denied, 357 So.2d 680 (Ala. 1978); A. Campbell, Law of Sentencing § 42 (1978). Nevertheless, even in such a system, the possibility exists that a "defendant might prove actual vindictiveness and thereby establish a due process violation." Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 3222, 82 L.Ed.2d 424 (1984).' "
In Draime v. State, 523 So.2d 137 (Ala.Cr.App. 1988), we held, "Because of our system of granting a misdemeanor defendant a new trial in circuit court, if he wants it, the circuit judge is free to set any lawful sentence upon conviction. He is not bound by the actions of the municipal or district judge in the same case. Of course, the sentence must be within the minimum and maximum limits as set by statute." In the case at bar, there is no clear evidence of vindictiveness by the trial court and according to the holding in Jemison v. State, 513 So.2d 47,50 (Ala.Cr.App. 1987), unless there is evidence in the record of vindictiveness by the trial court, we will not overturn a higher sentence imposed on trial de novo that fits within the statutory limits of punishment.
Therefore, the appellant's contention is without merit.
 V
Last, the appellant contends that the trial court erred when, at the close of the city's case, it overruled his motion to dismiss and motion to exclude the evidence on the failure of the city to prove a prima facie case. Pursuant to the discussion and argument set out in part III, the appellant's contention fails.
Appellant's conviction is, therefore, due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.