Terry L. Frazier was convicted by a jury of driving under the influence of alcohol. He was subsequently sentenced to six months' imprisonment, fined $1000, and ordered to attend DUI school and to pay court costs. Two issues are raised in this appeal from that conviction.
 I
The first issue raised by Frazier appears to involve a three-part argument: 1) that he was prohibited from discussing in his opening remarks the "per se violation" under Ala. Code 1975, § 32-5A-191(a)(1); 2) that the city failed to prove a prima facie case under § 32-5A-191(a)(1); and 3) that the trial court failed to instruct the jury on § 32-5A-191(a)(1). Frazier bases these contentions on his mistaken assertion that the city's complaint filed in circuit court charged him with the form of driving under the influence of alcohol contemplated by § 32-5A-191(a)(1).
As our Supreme Court stated in Ex parte Buckner,549 So.2d 451, 452 (Ala. 1989):
 "Alabama's D.U.I. statute, Ala. Code 1975, § 32-5A-191, provides that '[a] person shall not drive or be in actual physical control of any vehicle while: (1) there is 0.10 percent or more by weight of alcohol in his blood; (2) Under the influence of alcohol. . . .' This Court has held that subsections (1) and (2) are not separate offenses, but are two methods of proving the same offense — driving under the influence of alcohol. Sisson v. State, 528 So.2d 1159 (Ala. 1988)."
Frazier was initially convicted in Montgomery Municipal Court upon a Uniform Traffic Ticket and Complaint ("UTTC"). This UTTC clearly charged him with driving or being in control of a vehicle while "under the influence of alcohol," in violation of subsection (a)(2). The UTTC contained a specific reference to that subsection. The city's complaint filed in circuit court charged that Frazier drove or was in control of a vehicle while "under the influence of alcohol." After a recital of the pertinent facts, the complaint concluded: "In violation of Chapter 1, Section 9 of the Code of the City of Montgomery, Alabama, 1980. Title 32-5A-191(a)(1), Code of Alabama, 1975." (Emphasis added.)
There was no motion to quash or to dismiss the complaint filed in this case. Nor was there any objection, timely or otherwise, to the complaint on the ground that it was an improper amendment of the UTTC. See Vance v. City of Hoover,565 So.2d 1251 (Ala.Cr.App. 1990) (objection to a complaint on the ground that it amended original charge in UTTC must be made prior to trial, in compliance with Rule 16.3(a), A.R.Cr.P.Temp., or it is waived). Instead, Frazier simply asserted during his opening statement that the complaint charged him under subsection (a)(1) and that is the substance of his argument on appeal.
This assertion ignores the well settled principle that, absent a showing of prejudice to the defendant, miscitation of a Code section in a charging instrument is "treated as mere surplusage." Duren v. State, 507 So.2d 111, 120 (Ala.Cr.App. 1986), affirmed, 507 So.2d 121 (Ala.), cert. denied,484 U.S. 905, 108 S.Ct. 249, 98 L.Ed.2d 206 (1987) (quoting Ex parteBush, 431 So.2d 563, 564 (Ala.), cert. denied, 464 U.S. 865,104 S.Ct. 200, 78 L.Ed.2d 175 (1983)). Treating the reference to subsection (a)(1) as "mere surplusage," it is clear that the complaint, like the UTTC, charged Frazier with driving "under the influence of alcohol" under subsection (a)(2). We reached *Page 1257 
this same conclusion in analyzing a virtually identical complaint in Sisson v. State, 528 So.2d 1151, 1154 (Ala.Cr.App. 1987), affirmed on other grounds, 528 So.2d 1159 (Ala. 1988).[1]
In Sisson "we note[d] that the mere citation of §32-5A-191(a)(1) in the . . . complaint is insufficient to charge that particular offense in the absence of language specifying the 'conduct sought to be condemned' by it." Id.
In a discussion out of the hearing of the jury, both the trial court and the city prosecutor stated their understanding of the complaint as being under subsection (a)(2). The city had no evidence of blood alcohol content, and Frazier was merely attempting, as a trial tactic, to utilize the miscitation of the subsection to his advantage. Having been previously convicted in municipal court under (a)(2), however, it is clear that he was not misled as to the prosecution's intended method of proof. In this case, there has simply been no showing that the miscitation prejudiced the defendant's substantial rights.
 II
Frazier also contends that his motion for judgment of acquittal should have been granted due to the city's failure "to prove 'impairment' in [his] ability to operate a vehicle safely as a result of alcohol consumption." Appellant's brief at 11. We note that this argument clearly relates to a prosecution under subsection (a)(2).
In Ex parte Buckner, supra, the Alabama Supreme Court set forth the proof necessary to establish the offense of driving under the influence of alcohol. The court first noted, regarding subsections (a)(1) and (a)(2) of § 32-5A-191, Ala. Code (1975),
 "[these] are not separate offenses, but are two methods of proving the same offense — driving under the influence of alcohol. . . . Thus, in attempting to prove [a defendant] guilty of driving under the influence of alcohol, the prosecution [can] either prove that [the defendant's] blood alcohol content was .10 percent or more or that he was 'under the influence of alcohol.' "
549 So.2d at 452 (emphasis added).
The proof necessary to establish the offense of driving under the influence of alcohol will, of course, depend on whether the defendant is charged in subsection (a)(1) language or subsection (a)(2) language. Thus, where the defendant is charged in subsection (a)(1) language, the prosecution must prove that the defendant's blood had an alcohol content of .10 percent or more, but need not prove that the defendant's ability to drive was impaired. See Buckner,549 So.2d at 452-53; Cains v. State, 555 So.2d 290, 298 (Ala.Cr.App. 1989). If, however, the defendant is charged in subsection (a)(2) language, the prosecution must prove that the defendant "was under the influence of alcohol [i.e. that he had consumed alcohol] to the extent that it affected his ability to operate his vehicle in a safe manner." Buckner, 549 So.2d at 453. Although it is not required to do so, the prosecution may, in a prosecution under (a)(2), introduce the results of a chemical test for intoxication. See Cains, 555 So.2d at 298; Briggs v.City of Huntsville, 545 So.2d 167, 169 (Ala.Cr.App. 1988), writ quashed, 545 So.2d 171 (Ala. 1989), overruled on other grounds herein; Jemison v. State, 513 So.2d 47, 49 (Ala.Cr.App. 1987), overruled on other grounds herein.
This court has previously held that a person violates subsection (a)(2) "if he drives a vehicle under the influence of alcohol, regardless of the degree of that influence." Pacev. City of Montgomery, 455 So.2d 180, 185 (Ala.Cr.App. 1984) (emphasis added). Accord, Briggs v. City of Huntsville,545 So.2d 167, 169 (Ala.Cr.App. 1988), writ quashed, 545 So.2d 171
(Ala. 1989); Jemison v. State, 513 So.2d 47, 48 (Ala.Cr.App. 1987); Hose v. State, 489 So.2d 670, 672 (Ala.Cr.App. 1986).See also Evans v. State, 389 So.2d 567, 570 (Ala.Cr.App. 1980);Holley v. State, 25 Ala. App. 260, 262, 144 So. 535, 537 (1932). The holding in Buckner *Page 1258 
clearly abrogates our prior decisions with regard to the proof necessary under subsection (a)(2). To the extent that the above decisions conflict with Buckner, they are hereby expressly overruled.
In Buckner, after holding that the prosecution must prove impaired driving ability where the defendant is charged under subsection (a)(2), the Supreme Court observed:
 "This interpretation does not require any greater burden than has been imposed in many cases. It does, however, allow the defendant to rebut the prosecutor's proof with evidence such as that presented in this case. The burden on the prosecutor also makes the degree of the defendant's intoxication a jury question."
549 So.2d at 453 (citations omitted). Having demonstrated in Part I that Frazier was charged in subsection (a)(2) language, and with the precepts of Buckner in mind, we turn now to a consideration of whether the City produced sufficient proof to withstand Frazier's motion for judgment of acquittal.
Frazier was arrested around 7:15 p.m. on August 12, 1988, by Montgomery police officer Edward York. York, a motorcycle officer, testified that he received a "be on the lookout" ("BOLO") for a white Toyota Supra automobile with a specified tag number. A few minutes later, York spotted the vehicle described in the BOLO traveling south on the Troy Highway. Although he did not "clock" the vehicle and could not testify as to whether the vehicle was exceeding the 55 mile-per-hour speed limit, York did testify that the vehicle was traveling "at a higher-than-normal rate of speed maneuvering in and out of the traffic, changing lanes." He characterized the latter as a "violation of the Rules of the Road."
York and another officer pursued the Toyota, following it into a Hardee's restaurant's drive-through lane. The officers motioned the driver, whom York identified as Frazier, out of the drive-through line and had him park and exit the Toyota. Officer York observed empty beer cans in the Toyota and that Frazier "had bloodshot, watery eyes" and was "hesitant, unsure of himself, swaying." York could also "detect the odor of an alcoholic beverage on [Frazier's] person." York requested Frazier to perform two field sobriety tests, neither of which Frazier satisfactorily performed. York then arrested Frazier for driving while under the influence of alcohol.
Frazier was transported to police headquarters by Officer Richard Moore. Moore testified that during the drive Frazier alternated between crying and verbally abusing and threatening the arresting officers. According to Moore, such behavior is typical of persons who are intoxicated. At headquarters, Officer York attempted to administer to Frazier an Intoxilyzer 5000 test. Frazier persisted in blowing around the tube, instead of into the tube, and "try[ing] to suck the air back out of the tube," and York was unable to collect a sufficient sample to complete the test. York and Moore each testified that, in his opinion, Frazier was under the influence of alcohol.
Frazier did not testify, nor did he present any other witnesses or evidence. Compare Buckner, 549 So.2d at 451-52
(Buckner testified in his own behalf and also called two witnesses who accounted for his whereabouts and actions during some six hours preceding his arrest and offered their opinions that he was not under the influence of alcohol).
Proving the offense of driving under the influence of alcohol will often involve circumstantial evidence, especially with regard to the defendant's consumption of alcohol. As long as it is legally sufficient, however, circumstantial evidence is clearly acceptable in these cases. See Moon v. City ofMontgomery, 536 So.2d 139, 141 (Ala.Cr.App. 1988). In the present case, there was eyewitness testimony that Frazier was driving the Toyota and that it was "maneuvering in and out of traffic" "at a higher-than-normal rate of speed." There was also testimony that there were beer cans in the Toyota and testimony concerning Frazier's behavior, his physical appearance, and his inability to perform certain coordination tests. We are of the opinion *Page 1259 
that the evidence adduced by the city was sufficient to create a jury question as to whether Frazier had consumed alcohol and whether he had consumed such an amount of alcohol as to impair his ability to safely operate his vehicle. Cf. Charles v.State, 424 So.2d 715, 717 (Ala.Cr.App. 1982) (testimony of arresting officer that he observed defendant speeding and driving erratically and, after stopping defendant, smelled alcohol on his breath and observed that he was staggering was sufficient to warrant submission of case to jury). Frazier's motion for judgment of acquittal was properly denied.
The judgment of the Montgomery Circuit Court is affirmed.
AFFIRMED.
All Judges concur.
[1] The complaint in Sisson charged that the defendant "did drive or was in actual physical control of a vehicle while he was under the influence of alcohol, in violation of32-5A-191(a)(1)." 528 So.2d at 1153.