Donald Bruce Harry was convicted of driving under the influence of alcohol. The complaint filed in circuit court charged that Harry "did unlawfully drive or manifest actual control over a motor vehicle while under the influence of alcohol, in violation of Code of Alabama 1975, Section32-5A-191 (1983 replacement vol.)."[1] On this appeal from that conviction, he argues error in the admission of the results of an alcohol breath test because the complaint filed in circuit court did not indicate whether he was charged under subsection (a)(1) or (a)(2) of § 32-5A-191, Ala. Code 1975.
Subsection (a)(1) prohibits driving with a blood-alcohol level of 0.10% or more. Subsection (a)(2) prohibits driving while "[u]nder the influence of alcohol." Although each subsection requires different elements of proof, see Ex parteBuckner, 549 So.2d 451 (Ala. 1989), the results of a chemical test for intoxication may be introduced in a prosecution under either subsection, Frazier v. City of Montgomery,565 So.2d 1255, 1257 (Ala.Cr.App. 1990); see Cains v. State,555 So.2d 290, 298 (Ala.Cr.App. 1989); Briggs v. City of Huntsville,545 So.2d 167, 169 (Ala.Cr.App. 1988), writ quashed, 545 So.2d 171
(Ala. 1989), overruled on other grounds, Frazier,565 So.2d at 1255; Jemison v. State, 513 So.2d 47, 49 (Ala.Cr.App. 1987), overruled on other grounds, Frazier, 565 So.2d at 1257-58.
 "Upon the trial of any civil, criminal or quasi-criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual control of a vehicle while under the influence of alcohol or controlled substance, evidence of the amount of alcohol or controlled substance in a person's blood at the alleged time, as determined by a chemical analysis of the person's blood, urine, breath or other bodily substance, shall be admissible."
Ala. Code 1975, § 32-5A-194(a) (emphasis added). *Page 394 
This was the only issue raised on appeal. The judgment of the circuit court is affirmed.
AFFIRMED.
TAYLOR, P.J., and TYSON, McMILLAN, JJ., concur.
PATTERSON, J., recuses himself.
[1] Clearly, this complaint is defective for not specifying whether the defendant was charged under subsection (a)(1) or (a)(2) of § 32-5A-191. See Sisson v. State, 528 So.2d 1159,1164 (Ala. 1988) ("[W]e hold that under the provisions of Rule 15.5(a) [A.R.Crim.P.Temp.] the state could not amend the charge against Sisson. The legislature, by designating two methods by which the offense could be committed, and this Court, by promulgating a rule that requires the arresting officer to specify which alternative the defendant was charged with violating, necessarily intended that the defendant receive specific notice of the charge he would be called upon to defend against.").
The UTTC charged the defendant with "operating a motor vehicle . . . in violation of T32-5A-191(a)(2)." In the "DESCRIPTION OF OFFENSE" portion of the UTTC, the arresting officer had checked the block indicating driving while under the influence of "ALCOHOL TEST TYPE: Breath BAC: .12." This UTTC was not void. Beals v. State, 533 So.2d 717, 720
(Ala.Cr.App. 1988). The record contains no indication that the defendant ever challenged the UTTC or the complaint until the prosecutor attempted to introduce the results of the breath test.