The appellant was convicted of the murder of Chad Kilgore, in violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to 45 years' imprisonment.
The appellant argues that the trial court committed reversible error in admitting evidence of alleged uncharged prior bad acts of the appellant in the State's case-in-chief to prove "intent," thereby violating the appellant's rights to due process and a fair trial as guaranteed by the Fifth, Sixth, andFourteenth Amendments to the United States Constitution and Article 1, § 6, of the Alabama Constitution. The record reveals that in the State's case-in-chief four witnesses testified, over defense counsel's objection, as to alleged uncharged prior bad acts on the part of the appellant. Charles David Aaron, the appellant's brother, testified that the appellant fired a shotgun into the door of their parents home, during an argument they had five years prior to the present incident. The State then called Michael Lee, who testified that in the summer of 1988, he and another individual drove to the appellant's residence where the appellant told them, "I'm just looking for someone to shoot." Lee also testified that it appeared the appellant had a gun in his back pocket. Additionally, Roger Hill, another State's witness, testified that he was present at the appellant's home four to six years before the present incident, when he witnessed a fight between the appellant and the appellant's brother. Hill stated that after the fight was over, the appellant pointed a shotgun at Hill's face. Hill testified that the appellant's brother took the shotgun away from the appellant and the appellant then left the scene. The last witness called by the State, Marshall Manasco, testified that in 1985, he was threatened by the appellant. More particularly, Manasco testified that for unknown reasons, the appellant, after threatening to kill him, fired shots into the van he was driving.
The general rule regarding the admissibility of prior misconduct by a defendant in a criminal prosecution is found in C. Gamble, McElroy's Alabama Evidence § 69.01(1) (4th ed. 1991). In essence, prior misconduct on the part of an accused is excluded from evidence if it is being used for the sole purpose of suggesting the accused is more likely to be guilty of the crime in question. This "exclusionary rule" prohibits the State from proving a defendant's bad character by specific particular bad acts. The underlying rationale for this rule is that the prejudicial effect of the prior bad acts far outweigh any probative value gained from their use. See McLemore v.State, 562 So.2d 639 (Ala.Cr.App. 1989); Dodwell v. State,480 So.2d 45 (Ala. 1985).
The State argues that evidence of the appellant's prior misconduct was admissible under the "intent" exception to the exclusionary rule. McElroy's Alabama Evidence § 69.01(5). InCaylor v. State, 353 So.2d 8 (Ala.Cr.App. 1977), cert. denied,353 So.2d 11 (Ala. 1978), the defendant was convicted of second degree murder for the shooting of an individual at the V.F.W. club in Eight Mile, Alabama. During direct examination of the operator of the V.F.W. club, the prosecutor, over the objection of defense counsel, elicited testimony that the defendant had, on at least one other occasion, fired a shot at another man at the V.F.W. club. This Court stated:
 "It is a basic and fundamental principle of evidence that in a murder prosecution, it is not permissible to show a difficulty between the accused and a third person not connected with the victim or the offense. Johnson v. State, 265 Ala. 360, 91 So.2d 476 (1957); Stain v. State, 273 Ala. 262, 138 So.2d 703 (1962); Mainor v. State, Ala.Cr.App., 348 So.2d 1083 (1977).
". . . .
 "The state is not allowed to supply the intent to kill one victim by showing that the defendant had assaulted a third party on another unrelated occasion. While *Page 31 
proof of other offenses is sometimes admissible as exceptions to the general rule barring admissibility, this is not one of the exceptions. Proof that the appellant shot at another in no way shows plan, scheme, or intent to kill the deceased or any of the other exceptions to the general rule."
Caylor, supra, at 10. See also Voudrie v. State, 387 So.2d 248
(Ala.Cr.App.), writ denied, 387 So.2d 256 (Ala. 1980).
Thus, the trial court committed reversible error in allowing the State to introduce evidence of prior bad acts of the appellant for the purpose of proving his intent to kill the victim. Accordingly, this case is due to be reversed and remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.