MONTIEL, Judge.
The appellant, Mark Anthony Hargrove, was convicted for the offenses of driving under the influence of alcohol, under § 32-5A-191(a)(2), Code of Alabama 1975 and of reckless driving, under section 32-5A-190, Code of Alabama 1975 by separate judgments on May 14, 1992.
The facts at trial showed the following. While Hargrove was night fishing on August 2, 1991, he consumed several cans of beer. After he returned home in the early morning hours of August 3, 1991, the defendant realized that he had left his checkbook at Rainbow Marina, and he returned to the marina to retrieve it. He parked his vehicle and retrieved his checkbook at approximately 3:30 a.m. At that time, David Waters, a police officer with the City of Rainbow City, observed Hargrove hurriedly return to his vehicle and leave the marina. Because Hargrove rushed away and turned his face away from the police vehicle, Officer Waters decided to follow him.
Waters testified that while following Hargrove, he observed him fail to stop at a stop sign, make a right turn at a red traffic light without stopping first, and weave within his traffic lane. Although Waters did not use a speed detection device, he testified that, based upon his own speed in following Hargrove, he concluded that Har-grove was exceeding the speed limit. Waters testified that he stopped Hargrove and that Hargrove stepped out of his vehicle. Waters stated he detected the smell of alcohol on Hargrove’s breath, that Har-grove’s speech was slurred, and that Har-grove’s eyes were glassy. Waters further testified that Hargrove failed the horizontal gaze nystagmus test that he administered. Waters arrested Hargrove for driving under the influence of alcohol and for reckless driving. At the police station, Waters administered the Intoxylizer 5000 test to Hargrove, which showed Hargrove’s blood alcohol content to be .177 percent.
The charges against Hargrove were tried separately on the same day as a result of defense counsel’s objecting to the consoli *945 dation of the eases on the day the cases came to be tried. The City elected to try the driving under the influence charge first. After each party’s ease-in-chief, defense counsel announced that both cases would be submitted to the court for decision based upon the testimony given. Thus, the charges for driving under the influence of alcohol and for reckless driving were submitted to the trial court on the same testimony.
On May 14, 1992, the trial court issued separate judgments of guilty and a conviction for each of the charges against Har-grove. Hargrove filed a motion for a new trial, which was denied. Hargrove appeals and raises three issues for our consideration.
I
Hargrove first challenges the sufficiency of the evidence with regard to both of the City's charges against him. In determining the sufficiency of the evidence, this Court must accept as true the evidence introduced by the prosecution, accord the prosecution all legitimate inferences from that evidence, and consider that evidence in the light most favorable to the prosecution. Morgan v. State, 589 So.2d 1315,1317 (Ala.Crim.App.1991); Jackson v. State, 516 So.2d 726, 752 (Ala.Crim.App.1985).
Under § 32-5A-191(a)(2), Code of Alabama 1975, the City must establish that Hargrove was driving or was in actual physical control of a vehicle while he was under the influence of a controlled substance to such a degree that he was incapable of safely driving. Under § 32-5A-190(a), Code of Alabama 1975, the City must establish that Hargrove drove his vehicle “carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property....”
Hargrove argues specifically that there was insufficient evidence to establish that he was incapable of operating his vehicle safely when he was arrested. We disagree. The police officer testified that he smelled alcohol on Hargrove’s breath, that Hargrove’s eyes were glassy, that his speech was confused, that Hargrove had been weaving in his traffic lane, that he failed to stop at a stop sign and a red traffic light. Moreover, the officer testified that in his opinion Hargrove was not capable of operating a motor vehicle. This testimony and the results of the Intoxylizer 5000 test provide sufficient evidence to establish that Hargrove was unable to operate his vehicle safely. See Harry v. State, 571 So.2d 392, 393 (Ala.Crim.App.1990); Frazier v. City of Montgomery, 565 So.2d 1255, 1257-59 (Ala.Crim.App.1990).
In addition, the trial court could have found from the police officer’s testimony that Hargrove was driving in a reckless manner likely to endanger persons or property by exceeding the speed limit, and by failing to stop at a stop sign and a red traffic light. While Hargrove may dispute some of these facts as testified to by the officer, in light of our standard of review, this Court holds that there was sufficient evidence from which the trial court could have concluded Hargrove was guilty of driving under the influence of alcohol pursuant to § 32-5A-191(a)(2) and guilty of reckless driving under § 32-5A-190.
II
Hargrove next argues that the trial court erred in receiving and considering the officer’s testimony regarding the horizontal gaze nystagmus test. However, Har-grove’s counsel made no objection at trial with regard to the officer’s testimony concerning administering this field test or the results of the test. As such, this issue has not been properly preserved for appeal. Dennis v. State, 584 So.2d 548, 552 (Ala.Crim.App.1991); Haslerig v. State, 474 So.2d 196, 199 (Ala.Crim.App.1985).
Regardless, any possible error with regard to the horizontal gaze nystagmus test was harmless, because the trial court had before it other evidence of Hargrove’s intoxication, including the police officer’s testimony that he could smell alcohol on Har-grove’s breath, and that Hargrove’s eyes *946 were glassy and his speech confused. The trial court had sufficient evidence without the test on which to base its decision.
Ill
Last, Hargrove argues that the trial court erred by consolidating the charges against him. We find this argument is without merit. Rule 13.3, A.R.Crim.P. provides for consolidation of complaints or offenses after giving the parties an opportunity to be heard on the issue of consolidation.
In this case, on the day the two charges against Hargrove were set for trial, Har-grove’s counsel objected to consolidation of the charges, and, as a result, the charges against Hargrove were not consolidated. The trial court informed the attorneys that both cases would be tried on that day. The City elected to try the driving under the influence charge first. At the end of the Hargrove’s case-in-chief in that trial, his attorney informed the trial court that both cases would be submitted for judgments on the testimony that was presented in the first trial. Thus, there was no need for additional or separate testimony on the reckless driving charge.
Clearly, the two eases were not consolidated. The trial court rendered a separate judgment in each case and each case was submitted to the trial court on the same testimony through stipulation of the parties.
The judgments of the trial court are affirmed.
AFFIRMED.
All the Judges concur.