TAYLOR, Judge.
The appellant, Rodney D. Krumm, was convicted of driving under the influence of alcohol in violation of § 32-5A-191(a)(2), Code of Alabama 1975, and of reckless driving in violation of § 32-5A-190, Code of Alabama 1975. He was sentenced to 9 months’ incarceration on the driving under the influence conviction and was fined $200 on the reckless driving conviction.
The state’s evidence tended to show that on January 30, 1993, an officer of the Rob-ertsdale Police Department stopped the appellant after observing him passing another vehicle in an area on Highway 59 where double yellow lines separated the north- and southbound lanes of traffic. When Officer West approached the vehicle Krumm was driving, he detected a strong odor of alcohol on the appellant’s breath. He arrested the appellant for driving under the influence of alcohol. The appellant was later charged with reckless driving.
The appellant was taken to the police station, where he was administered an Intoxilyzer 5000 test. The appellant’s blood-alcohol registered .110%.
The state presented testimony that the appellant also had marijuana in his possession when he was arrested. Officer West stated that he frisked the defendant, looking for weapons, and that he felt something in *652 the appellant’s jacket. It was a bag of green leafy substance later found to be marijuana. Also discovered in the car were a partially filled bottle of vodka and two partially smoked marijuana cigarettes.
I
The appellant contends on appeal that the trial court erred in allowing into evidence the testimony that he was in possession of marijuana when he was arrested.
Under the general exclusionary rule, evidence of an offense other than the offense charged in the indictment is not admissible at trial on a specific charged offense. McLemore v. State, 562 So.2d 639, 641 (Ala.Cr.App.1989).
“On the trial of a person for the alleged commission of a particular crime, evidence of his doing another act, which itself is a crime, is not admissible if the only probative function of such evidence is to show his bad character, inclination or propensity to commit the type of crime for which he is being tried.”
C. Gamble, McElroy’s Alabama Evidence § 69.01 (4th ed. 1991) (footnote omitted). “[E]vidence of collateral offense is not admissible solely to prove the guilt of the accused.” Allen v. State, 624 So.2d 650, 652 (Ala.Cr.App.1993). See also Williamson v. State, 629 So.2d 777 (Ala.Cr.App.1993); Aaron v. State, 596 So.2d 29 (Ala.Cr.App.1991); J.D.S. v. State, 587 So.2d 1249 (Ala.Cr.App.1991); McLemore, supra. “The underlying rationale for this rule is that the prejudicial effect of the prior bad acts far outweigh any probative value gained from their use.” Aaron, 596 So.2d at 30. “‘Evidence of prior bad acts of a criminal defendant is presumptively prejudicial to the defendant. It interjects a collateral issue into the case which may divert the minds of the jury from the main issue.’ ” McClellan v. State, 571 So.2d 341, 344 (Ala.Cr.App.), writ quashed, 571 So.2d 345 (Ala.1990), quoting Ex parte Cofer, 440 So.2d 1121, 1124 (Ala.1983).
The City of Robertsdale argues that evidence of the appellant’s possession of marijuana was part of the res gestae of the charged offenses and was therefore admissible as an exception to the general exclusionary rule. McElroy’s § 69.01. Possession of marijuana was not part of the res gestae of the charged offenses of driving under the influence of alcohol and reckless driving. The appellant was charged only with driving under the influence of alcohol; he was not charged with driving under the influence of both alcohol and a controlled substance or of driving under the influence of any other substance that impairs the faculties. See § 32-5A-191(a)(4) and § 32-5A-191(a)(5), Code of Alabama 1975.
Furthermore, the inquiry into the admissibility of evidence of collateral offenses does not end with the determination that the evidence fits within one of the exceptions to the exclusionary rule. As the Alabama Supreme Court stated in Ex parte Smith, 581 So.2d 531, 535 (Ala.1991):
“In Robinson v. State, 528 So.2d 343 (Ala.Cr.App.1988), the Court of Criminal Appeals explained that even if the proffered evidence fits within an exception to the general exclusionary rule, its probative value must outweigh its prejudicial effect for the evidence to be admissible:
‘“However, the fact that evidence of a prior bad act may fit into one of these exceptions will not alone justify its admission. “ ‘Judicial inquiry does not end with a determination that the evidence of another crime is relevant and probative of a necessary element of the charged offense. It does not suffice simply to see if the evidence is capable of being fitted within an exception to the rule. Rather, a balancing test must be applied. The evidence of another similar crime must not only be relevant, it must also be reasonably necessary to the government’s case, and it must be plain, clear, and conclusive, before its probative value will be held to outweigh its potential prejudicial effects.’” Averette v. State, 469 So.2d 1371, 1374 (Ala.Cr.App.1985), quoting, United States v. Turquitt, [557 F.2d 464, 468-69 (5th Cir.1977) ]. “ ‘ “Prejudicial” is used in this phrase to limit the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudi- *653 dal.’ [Citation omitted.] ‘Of course, “prejudice, in this context, means more than simply damage to the opponent’s cause. A party’s ease is always damaged by evidence that the facts are contrary to his contention; but that cannot be ground for exclusion. What is meant here is an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one.” ’ ” Averette v. State, supra, at 1374.’ ”
Quoting Robinson, 528 So.2d at 347. (First emphasis added; second emphasis in Smith.)
Here, the “probative value” of evidence of the appellant’s possession of marijuana did not “outweigh its potential prejudicial effect.” Smith, 581 So.2d at 535. The court erred in receiving testimony of a collateral offense into evidence.
II
The appellant also contends that the trial court erred by denying his motion in limine regarding the receipt into evidence of proof of some prior felony convictions.
In this case, the record reveals that the appellant made a motion in limine before the trial began, seeking to exclude any evidence or testimony regarding the appellant’s prior criminal record. The trial court addressed the appellant’s motion in limine, stating:
“Well, I’m going to withhold ruling on that [until] we get to it. You bring it back up at the proper time.”
The appellant never renewed his motion; consequently, there was no ruling on the motion in limine. No objection was made at the time the evidence of these convictions was proffered at trial. Thus, this issue has not been preserved for appellate review. “Review on appeal is limited to matters as to which the trial court makes adverse rulings.” Landreth v. State, 600 So.2d 440,445 (Ala.Cr.App.1992), citing Donahoo v. State, 552 So.2d 887 (Ala.Cr.App.1989); Jackson v. State, 484 So.2d 1174 (Ala.Cr.App.1985). The appellant’s complaint regarding this issue would be more appropriately considered under co-ram nobis standards.
For the reasons stated in Part I of this opinion, the judgment is reversed and the cause remanded to the Circuit Court for Baldwin County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur, except MONTIEL, . J., who concurs in part, and dissents in part with opinion.