I agree that the trial court erred in admitting the evidence concerning the cemetery robbery. Here, the prior crime was apparently unconnected to the now-charged crime, see, e.g., Ex parte Killough, 438 So.2d 333,335-36 (Ala. 1983); involved facts insufficiently similar to those of the present crime, see, e.g., Pack v. State, 461 So.2d 910, 913
(Ala.Crim.App. 1984); was committed against a third party with no connection or relevant similarity to the victim in the present case, see, e.g., Aaron v. State, 596 So.2d 29, 30-31 (Ala.Crim.App. 1991); and did not have the logical tendency to lead to the inference that Hunter, because he committed the prior act, had the prerequisite intent at the time the now-charged crime was committed, see Ex parte Killough, supra. Also, because of the lack of similarity between the facts of the prior crime and those of the present crime, the evidence concerning the cemetery robbery could not be admitted under the "identity" exception to the general rule excluding prior bad acts. See, e.g., Stegall v. State,628 So.2d 1009, 1012 (Ala.Crim.App. 1993). However, because I disagree with the majority's reliance on Brewer v. State, 440 So.2d 1155
(Ala.Crim.App. 1983), to reach its holding, I concur in only the result.