WELCH, Judge.
Herman Joseph Zann III was adjudicated guilty by the Jefferson County District Court of speeding, a violation of § 32-5A-171, Ala.Code 1975; reckless driving, a violation of § 32-5A-90, Ala.Code 1975; and driving under the influence, a violation of § 32-5A-191, Ala.Code 1975. He appealed his convictions to the Jefferson Circuit Court, where a trial de novo was held. The jury acquitted Zann of driving under the influence, but found him guilty of speeding and reckless driving. The trial court fined Zann $300. Zann appeals only from the conviction on reckless driving.
Zann contends that the trial court improperly denied his motion for a judgment of acquittal because, he says, the State presented insufficient evidence of reckless driving.
“Tn determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.’ ” Ballenger v. State, 720 So.2d 1033, 1034 (Ala.Crim.App.1998), quoting Faircloth v. State, 471 So.2d 485, 488 (Ala.Crim.App.1984), aff'd, 471 So.2d 493 (Ala.1985). “ ‘The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.’ ” Nunn v. State, 697 So.2d 497, 498 (Ala.Crim.App.1997), quoting O’Neal v. State, 602 So.2d 462, 464 (Ala.Crim.App.1992). “ “When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and, in such a case, this court will not disturb the trial court’s decision.’ ” Farrior v. State, 728 So.2d 691, 696 (Ala.Crim.App.1998), quoting Ward v. State, 557 So.2d 848, 850 (Ala.Crim.App.1990). “The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.” Bankston v. State, 358 So.2d 1040, 1042 (Ala.1978).
The evidence in this case indicated the following. In the early morning hours of January 13, 2007, Deputy Bill Powell of the Jefferson County Sheriffs Department was patrolling Interstate 459. He said he was on the ramp from Liberty Parkway entrance to the interstate when, using a radar gun, he clocked a vehicle traveling at 75 or 76 miles an hour in an area where the speed limit was 70 miles an hour. Powell followed the vehicle, which was traveling in the middle lane of three northbound lanes. Powell also said that he saw Zann’s vehicle moving within the middle lane, but that it did not cross the lane markers. No other traffic was around Zann.
As Powell attempted to catch up to Zann’s vehicle, he saw it move into the right lane without indicating a lane change with a turn signal. Powell said that as the vehicle “went into the right lane, the passenger side right tire and left rear tire went off into the shoulder and then back onto the road.” (R. 26.) Upon further questioning, Powell said that the right front and rear tires went onto the shoulder. He did not mention the left tire again. Powell reported that the tires were out of the lane and on the shoulder for approximately one second. Based on that action, Powell turned his blue lights on and pulled Zann over. Powell also said that was also the reason he wrote Zann a ticket for reckless driving.
*1224 Once Powell turned his blue lights on, Zann used his turn signal and moved into the middle lane, then into the far left lane, then onto the paved median. The northbound and southbound lanes of 1-459 are separated by a concrete barrier, Powell said. Powell said that Zann braked properly and that there was ample room for both Zann and Powell’s vehicle where Zann pulled over.
Zann testified that as he was traveling on 1-459 in the far left lane when he saw a car “come up on my rear end real fast.” (R. 140.) Zann said that he moved over into the middle lane, then noticed that the approaching car was in that lane, so he moved over again into the far right lane. When he saw the blue lights come on, Zann said, he moved back to the median to pull over so that he would have the concrete barrier for protection from other vehicles.
The offense of reckless driving is set out in § 32-5A-190, Ala.Code 1975, as follows:
“(a) Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving.”
See also Bradford v. State, 948 So.2d 574, 581 (Ala.Crim.App.2006). Examples of cases in which the defendants’ convictions for reckless driving were affirmed include Bradford, supra (defendant intentionally rammed a police officer’s vehicle); Fore v. State, 858 So.2d 982 (Ala.Crim.App.2003) (reckless-driving conviction arose from a hit-and-run automobile accident); Krumm v. City of Robertsdale, 648 So.2d 651 (Ala.Crim.App.1994) (defendant passed another vehicle in an area on a highway where double-yellow lines separated the northbound and southbound lanes of traffic); Hargrove v. City of Rainbow City, 619 So.2d 944 (Ala.Crim.App.1993) (defendant weaved in his traffic lane and failed to stop at stop sign and red traffic light); and Sanders v. City of Birmingham, 542 So.2d 325, 326 (Ala.Crim.App.1988) (defendant was driving his vehicle “erratically,” weaving in and out of traffic at a high rate of speed). In B.E.S. v. State, 629 So.2d 761, 763 (Ala.Crim.App.1993), although the defendant was not tried for reckless driving, this Court noted that his conduct in tailgating another car, then trying to run that car off the road “might have supported a number of criminal charges, including reckless driving.”
Unlike the conduct of the drivers in the cases cited above, nothing in Zann’s conduct, i.e., allowing the passenger-side tires of his vehicle to cross over the shoulder for one second at a speed of only five or six miles an hour over the posted speed limit, rises to the level of willful or wanton disregard for the rights or safety of others. Further, there is no evidence indicating that Zann was driving without due caution and circumspection and at a speed or in a manner likely to endanger anyone. There was no testimony regarding the position or presence of any other vehicles on the interstate and no testimony to the effect that Zann was driving “carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property” or that he was driving “without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property.” § 32-5A-190(a).
We find that, as a matter of law, Zann’s conduct did not rise to the level of reckless driving. The trial court improperly denied Zann’s motion for a judgment of acquittal *1225 on the reckless-driving charge. Accordingly, that portion of the judgment adjudicating Zann guilty of reckless driving and the imposition of a $300 fine for the reckless-driving conviction is reversed. A judgment is rendered in favor of Zann as to the charge of reckless driving. That portion of the judgment adjudicating Zann guilty of speeding is still in effect.
REVERSED AND JUDGMENT RENDERED.
WISE, P.J., and WINDOM and KELLUM, JJ., concur.